St. Louis, Jacksonville and Chicago R. R. Co. *et al.*

*v.*

Springfield and Northwestern Railroad Co.

*Filed at Springfield September 30, 1880.*

1. Right of way—*over another right of way.* One railroad company is entitled to have condemnation, under the statute, for its right of way across the right of way of a previously constructed railroad, but the company whose right of way is condemned is entitled to be fully compensated for all damages it may sustain in consequence thereof.

2. Same—*of the compensation.* Where the right of way is sought across or under the track of another railroad company, or through its embankment, the latter company is entitled to receive such sum of money as will enable it to place its track over the point at which the ground is condemned in as safe a condition, as nearly as the nature of the case will admit, as it was before the making of the excavation. The damages should cover additional expense for watchmen when travel over the excavation is rendered hazardous; the expense of building and maintaining permanent abutments, or retaining the walls; losses incident to re-building or repairing, and contingent losses by fire or otherwise, and if any other kind of bridge over the excavation is more safe than a wooden one, the compensation should be sufficient to enable the company to erect and maintain perpetually a bridge of that degree of safety, and likewise to reimburse it for all inconvenience and expense incident to the erection and maintenance of such a bridge.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Menard county; the Hon. Cyrus Epler, Judge, presiding.

Mr. N. W. Branson, and Messrs. Dearborn & Campbell, for the appellant.

Messrs. Orendorff & Creighton, and Mr. T. W. Mc-Neeley, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

Where the line of the Springfield and Northwestern Railroad intersects that of the St. Louis, Jacksonville and Chicago Railroad, at Petersburg, in Menard county, the track of the latter was originally supported by a high embankment; but, in constructing the former road, an excavation of the depth of about twenty feet, of the width of about forty-eight feet at the top, and sloping down to the width of about seventeen feet at the bottom, was made through this embankment, and the track of that road was laid therein. Planks were put in for retaining walls, and a wooden bridge was erected in place of the embankment removed by the excavation.

This proceeding is under the Eminent Domain act, approved July 10, 1872, to condemn right of way at this point, and to assess the damages resulting therefrom.

On the first trial in the court below the damages were assessed at only five cents; but this judgment was reversed, on appeal to this court, and the cause was remanded for a trial *de novo.* See *C. & A. R. R. Co. et al.* v. *S. & N. W. R. R. Co.* 67 Ill. 144.

On the last trial in the court below the damages were assessed at $700, and this amount being still unsatisfactory to the St. Louis, Jacksonville and Chicago Railroad Company, the present appeal is prosecuted.

The Springfield and Northwestern Railroad Company is entitled to have condemnation for its right of way across the right of way of the St. Louis, Jacksonville and Chicago Railroad Company,—but the last named company is entitled to be fully compensated for all damages it shall sustain in consequence thereof.

As was said, when the case was here before: " Appellants are entitled to such a sum for damages, to be paid by appellee

in money, as will enable appellants to construct and keep in repair all such works as may be necessary to keep their track in a safe and secure condition. Nothing short of this can amount to the 'just compensation' provided by law. They are also entitled to damages for all such incidental loss and inconvenience as may be a necessary result."

The court, at the instance of appellee, gave the following, among other instructions:

"The court instructs the jury that it is not the duty of the petitioners to restore the property to a condition, as nearly as possible, as it was before the excavation; for in law the petitioners have no control of the superstructure of the defendants; and in estimating the damages in this case the jury should not necessarily be controled by the expectation of the defendants as to the kind of structure they may contemplate building over said excavation."

This instruction, in our opinion, was calculated to mislead the jury, and should not have been given. There was no controversy before the jury whether it was the duty of the petitioners to restore the property to a condition, as nearly as possible, as it was before the excavation. It was, as has been heretofore shown, the duty of the petitioners to pay to the St. Louis, Jacksonville and Chicago Railroad Company such a sum in money as may be necessary to keep its track in a safe and secure condition. In other words, the duty was, by a payment in money to restore the company, as nearly as possible, to the condition it was in before the excavation was made; and to the extent the first clause of the instruction is calculated to have any practical application to the case before the jury, its tendency is to negative this idea.

Appellants also asked the court to, among others, give the following instruction to the jury,—but this the court refused:

"The jury are instructed that in a proceeding for condemnation such as this, it is the duty of the petitioner, seeking

to condemn a right of way through the defendants' embankment, to pay to the defendants a sufficient sum of money to enable the defendants to place their track over the point condemned in as safe a condition, as nearly as the nature of the case will permit, as it was before the excavation was made."

This instruction correctly announces the law, and it should have been given.

The evidence is clear that no bridge that can be erected will be as safe as was the original embankment. It shows, moreover, that the grade on appellants' road, south of the embankment, is "a sharp grade 70 or 80 feet, and is about a mile and one-quarter long; that heavy freight trains, to climb the grade, would necessarily get on a high rate of speed over the bridge," which would be very hard on the bridge.

The amount found by the verdict of the jury, according to the evidence, would build and keep up a wooden bridge at the point of intersection; but it would do but little, if anything, beyond this. It does not comprehend additional expense for watchmen, the expense of building and maintaining permanent abutments, losses incident to re-building or repairing, or retaining walls, nor cover contingent losses by fire or otherwise.

All loss which may be sustained at this point, in consequence of having a bridge instead of an embankment, is chargeable to appellee. The excavation is solely for its benefit, and it can not charge upon another any expense or loss arising therefrom.

If any other kind of a bridge is more safe, appellant is entitled to have a sum sufficient to erect and maintain, perpetually, a bridge of that degree of safety; and, likewise, to be reimbursed for all inconvenience and expense incident to the erection and maintenance of such a bridge on a line of railway used as is that of appellant.

The judgment is reversed and the cause remanded.

*Judgment reversed.*