.LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *et al.*

*v.*

CHICAGO AND WESTERN INDIANA RAILROAD COMPANY.

*Filed at Ottawa May 14, 1881—Rehearing denied September Term, 1881.*

1.   EMINENT DOMAIN—*damages by taking right of way not limited to part appropriated.*   In a proceeding to condemn a right of way by one railroad company across the right of way of another company upon certain blocks, the company whose franchise is sought to be taken in part will not be restricted in its compensation to the damage to its right of way or railroad property within the blocks.   In such case it will be competent for the defendant company to show and recover for damages it would be subjected to by placing obstructions upon its right of way, in maintaining and operating the proposed new road, whereby access to different parts of its line would be interfered with, and its capacity for the transaction of business destroyed or impaired.

2.   SAME—*injury to entire right of way interfered with, a proper element of damage.*   Although a right of way of a railroad company is limited to the use of the land for the construction, maintenance and operation of a railroad upon it, this limited use is property, and any interference with it at any point, by condemnation for another railroad, whereby the use is impaired, may be considered in connection with and as affecting its use as an entirety.

3.   SAME—*damages when property is adapted only to a special use.*   Where land has no market value, from the fact of its being used as a right of way for a railroad, and devoted to a special use of making railroad transfers, estimates of its value with reference to such use, by those competent to speak in that regard, should be received on the question of compensation to be paid for its condemnation for the use of another railroad company for its right of way, and it is error to refuse such evidence.

4.   On proceedings to condemn a strip of land across the right of way of a railroad company, a limitation of the damages to those for physical injury to the land sought to be condemned for another railroad, will be too restricted. The defendant should be allowed to recover for the obstruction of the use of

| | |
|---|---|
| 100 | 21 |
| 30a | 132 |
| 100 | 21 |
| 137 | 145 |
| 137 | 452 |
| 100 | 21 |
| 161 | 251 |
| 50a | 380 |
| 100 | 21 |
| 156 | 103 |
| 100 | 21 |
| 166 | 95 |
| 166 | 200 |
| 100 | 21 |
| 169 | 33ĸ |
| 100 | 21 |
| 79a | 579 |
| 100 | 21 |
| e93a 5 | 92 |
| e93a 6 | 92 |
| 100 | 21 |
| 195 | 4407 |

its remaining property, and for all damage to it resulting from the operation of the second railroad on the strip so taken.

5. APPEAL—*what embraced in.* An order of the county court made in a proceeding to condemn land for a right of way after the allowance and perfecting of an appeal from the final judgment to this court, authorizing the petitioner to enter on the premises pending the appeal, will not be involved in the appeal.

6. An appeal brings up for review only such matters as precede the entry and perfecting of the appeal, and not any matter occurring subsequently; and a refusal of an appeal as to such subsequent proceedings will not have the effect of bringing them up for hearing on the first appeal.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Mr. THOMAS F. WITHROW, Mr. C. D. ROYS, Mr. J. L. HIGH, and Mr. GEO. W. KRETZINGER, for the appellants:

The extent of the exercise of the power of eminent domain is a question for judicial determination, and the extent of the taking must be limited to the necessities of the case. ˙ Cooley's Const. Lim. pp. 538–540.

Where all the purposes of the later organization can be effectuated without invading the property rights and franchises of the former, no implication will be tolerated by which the uses and purposes of the former can in any manner be infringed or impaired. *Matter of the City of Buffalo,* 68 N. Y. 175; *City of Chicago* v. *Quimby,* 38 Ill. 278.

A necessity created by the company for its own convenience, or for the sake of economy, will not justify an interference with or extinction of previously granted franchises. *Packer* v. *The Railroad Company,* 7 Har. 211; *Milwaukee and St. Paul Railway Company* v. *City of Faribault,* 23 Minn. 167; *Inhabitants, etc. of Springfield* v. *Connecticut Railroad,* 4 Cush. 63; *N. Y. C. Coal Co.* v. *G. C. C. Co.* 37 Md. 503; *R. S. R. R. Co.* v. *Davis,* 43 N. Y. 137; Angell and Ames on Corp. sec. 192; Mills on Em. Domain, secs. 46, 47.

While the legislature has the right, under the constitution, to provide for the appropriation of the property and fran-

chises of incorporated companies in case of "public neces-sity," it has failed to do so, and the constitutional provision is not self-executing. It requires appropriate legislation to make it available.

A petitioner for the condemnation of land for right of way is not entitled to enter and take possession, pending the deter-mination of the case on appeal to this court, by giving bond. A statute authorizing this is unconstitutional. See *People* v. *Williams*, 51 Ill. 63; *Cook* v. *South Park Com'rs*, 61 id. 115; *People* v. *McRoberts*, 62 id. 38; *Sanborn* v. *Belden*, 51 Cal. 256; *Vilhac* v. *Stockton and I. R. Co.* 53 id. 208; *San Mateo Water Works* v. *Sharpstein*, 50 id. 284; *Thompson* v. *Grand, Gulf R. and B. Co.* 3 How. (Miss.) 240.

The court erred in excluding all testimony as to damages to the property and business of appellants by the proposed taking, and in excluding the testimony offered upon their cross-petition as to damages sustained to their property injured but not taken. Mills on Em. Domain, sec. 173; *Haslam* v. *G. and S. W. R. R. Co.* 64 Ill. 355; *St. L., V. and T. H. R. R. Co.* v. *Clapp*, 67 id. 614; *Jones* v. *Chicago and Iowa Railroad Co.* 68 id. 383; *Keithsburg and East. Railroad Co.* v. *Henry*, 79 id. 292; *South Park Com'rs* v. *Dunlevy et al.* 91 id. 49; *Chicago and Alton Railroad Co.* v. *Hopkins et al.* 90 id. 316; *R., R. I. and St. L. R. R. Co.* v. *McKinley*, 64 id. 338; *Wilson* v. *R., R. I. and St. L. R. R. Co.* 59 id. 273; *Chapman et al.* v. *Kirby*, 49 id. 217.

The compensation allowed should be sufficient to cover the actual damage occasioned by the actual construction of the road, for the land taken, for all physical injury to the residue, and for all inconveniences of any character actually pro-duced. *Jones* v. *Chicago and Iowa Railroad Co.* 68 Ill. 383; 1 Iowa, 393; 2 id. 300; *Sherwood* v. *St. Paul and Chicago Railway Co.* 21 Minn. 127; *Bangor Railroad Co.* v. *McComb*, 60 Me. 290; *St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Mollett*, 59 Ill. 236.

That a riparian owner is entitled to compensation for any interference with his right of access to his premises over navigable waters, which are public highways, is established beyond question. *Delaplaine* v. *Chicago and Northwestern Railway Co.* 42 Wis. 214; *McCarthy* v. *Metropolitan Board of Works*, L. R. 8 C. P. 209; *Sinnickson* v. *Johnson*, 2 Hare, 147; *Hoffman* v. *Hoffman*, 2 Dutcher, 175; *Brayton* v. *Fall River*, 113 Mass. 218; *Haskell* v. *New Bedford*, 101 id. —; *Chicago and Pacific Railway Co.* v. *Stein*, 75 Ill. 44.

Interference with the right of access from a public road to abutting premises, to the injury of the latter, though such interference be located exclusively in the public highway, must be followed by compensation. See *Glover* v. *North Staffordshire Railway Co.* 16 Q. B. 923; *East India and West India Docks and Junction Railway Co.* v. *Gattke*, 3 Mac. & G. 155; *London and Northwestern Railway Co.* v. *Bradley*, id. 336; *Caledonian Railway Co.* v. *Ogilvy*, 2 Macg. 229; *Chamberlain* v. *West End of London and Crystal Palace Railway Co.* 2 B. & S. 605; *Wood* v. *Stourbridge Railway Co.* 16 C. B. 236; *Cameron* v. *Charing Cross Railway Co.* 16 Q. B. 430; *Ricket* v. *Metropolitan Railway Co.* L. R. 2 H. of L. Cas. 187; *Regina* v. *Eastern Counties Railway Co.* 2 Q. B. 347; *Iveson* v. *Moore*, 1 Ld. Raym. 486; *Goodall* v. *City of Milwaukee*, 5 Wis. 32; *Stetson* v. *Faxon*, 19 Pick. 147.

Mr. HENRY C. CRAWFORD, for the appellee:

The assignments of error which relate to the order of the county court authorizing the appellee to enter upon the premises pending the appeal, are not cognizable on this record, and are also without merit.

The appellee paid the compensation assessed by the jury, and having given bond with good security for the payment of such damages as might be awarded, had the right, under the statute, to enter pending the appeal. See Mills on Eminent Domain, sec. 322; *People* v. *McRoberts*, 62 Ill. 45; *Chi-*

*cago* v. *Barbian,* 80 id. 486; *Mitchell* v. *Illinois and St. Louis Railroad and Coal Co.* 68 id. 287; *I. and C. R. R. Co.* v. *Brower,* 12 Ind. 374; *Ney* v. *Sweney,* 36 id. 460; *Ray* v. *A. and N. R. R.* 4 Neb. 440; *Lee* v. *N. W. U. Ry. Co.* 33 Wis. 224; *Matter of N. Y. Cent. and H. R. R. R. Co.* 60 N. Y. 118.

The measure of compensation was properly restricted. to the actual land, damages for the easement taken, and the physical injury occasioned to the residue of the blocks.  *Burt* v. *Brigham,* 117 Mass. 308; *Edmunds* v. *Boston,* 108 id. 544; *Searle* v. *L. and B. R. R. Co.* 63 Pa. St. 93; *Boone* v. *Patterson,* 98 U. S. 407; *Haslem* v. *Galena and Southern Wisconsin Railroad Co.* 64 Ill. 355; *Lafayette, Bloomington and Mississippi Railroad Co.* v. *Winslow,* 66 id. 219; *South Park Com'rs* v. *Dunlevy,* 91 id. 49.

The principle on which the instruction was based is, that if the whole tract, when considered together, is not damaged or depreciated in market value, then the just compensation must be confined to the value of the easement in the strip of property actually taken.

It has been frequently declared that this method of determining the damages is not liable to the objection that it is deducting benefits contrary to the statute.  *Chicago and Pacific Railroad Co.* v. *Francis,* 70 Ill. 238; *Page* v. *Chicago, Minnesota and St. Paul Railway Co.* 70 id. 324; *Dunham* v. *Hyde Park,* 85 id. 569; *Chicago, Minnesota and St. Paul Railway Co.* v. *Hall,* 90 id. 42; *Shawneetown* v. *Mason,* 82 id. 337.

The county court properly excluded the evidence offered as to the value of the right of way, or the probable damage from interference with traffic.

Damage to business or trade not taken do not fall within the inquiry.  *Biggs* v. *Corp. of London,* 15 Eq. Cas. 381; *S. and C. R. R.* v. *Vincent,* 49 Cal. 140; *Treadwell* v. *Boston,* 123 Mass. 23.

When lands have been taken for public use, the value of the land itself, and such damages as result directly from the taking to *other* lands of the owner not actually taken, must be assessed, and both price and damages paid. *Stetson* v. *Chicago and Pacific Railroad Co.* 75 Ill. 77; *Mix* v. *Lafayette, Bloomington and Mississippi Railroad Co.* 67 id. 319. See, also, *Chicago and Pacific Railroad Co.* v. *Francis*, 70 id. 240; *Stone* v. *Fairbury, Pontiac and Northwestern Railroad Co.* 68 id. 396; *Chicago, Burlington and Quincy Railroad Co.* v. *McGinnis*, 79 id. 273; *Chicago* v. *Rumsey*, 87 id. 363.

It has been many times decided that the only damages which will entitle the owner to compensation, are those inflicted upon "contiguous" or "adjoining" land. *Mix* v. *Lafayette, Bloomington and Mississippi Railroad Co.* 67 Ill. 322; *Jones* v. *Chicago and Iowa Railroad Co.* 68 id. 380; *Chicago and Pacific Railroad Co.* v. *Stetson*, 75 id. 74; *Fleming* v. *C. D. and M. Ry. Co.* 34 Iowa, 356.

A railroad corporation across whose road another railroad is laid out, has a right to recover damages for the injury occasioned to its title or right in the land occupied by its road, but is not entitled to damages for the interruption and inconvenience occasioned to its business, nor for increased liability to damages for accidents, etc. *Mass. Cent. R. R. Co.* v. *B., C. and F. R. R. Co.* 121 Mass. 126; *Boston and Worcester R. R. Corp.* v. *Old Colony and New York*, 12 Cush. 611; 3 Allen, 147; *Commonwealth* v. *Boston and Maine R. R.* 3 Cush. 25; *Old Colony* v. *Plymouth*, 14 Gray, 155; *C., C. and F. R. R. R.* v. *Plymouth*, 14 id. 162.

Under the condemnation of a right to cross, nothing will be acquired but a mere right of way, and the place of crossing will remain in common use of the parties for the exercise of their several franchises. The condemnation leaves the franchises unimpaired. *State R. R.* v. *E. and A. R. R.* 36 N. J. (L.) 187; *N. J. S. R. R.* v. *Com'rs*, 39 id. 33; *M. and E. R. R.* v. *Cent. R. R.* 31 id. 213.

Mr. Justice Sheldon delivered the opinion of the Court:

On March 15, 1880, the Chicago and Western Indiana Railroad Company filed its petition in the county court of Cook county, praying to condemn "a strip of land fifty feet in width, running across the following tracts of land in the city of Chicago, described as blocks 34 and 35," etc., except the right of way of the St. Charles Air Line Railroad. It was alleged that the said fifty feet strip was exclusively on the right of way of the respondent railroad companies, and across their tracks, as more fully described in a plat annexed, and that it desired to make such appropriation without prejudice to the rights which defendants now have in regard to said premises, not inconsistent with the construction and operation of said main tracks of petitioner. The plan of the proposed improvement showed four tracks.

The defendants, the Lake Shore and Michigan Southern Railway Company and the Chicago, Rock Island and Pacific Railroad Company, filed their answer, denying the necessity of the appropriation and the power of the petitioner to make it, and also filed a cross-petition for the purpose of obtaining their damages incurred to their other property injured but not taken by such proposed condemnation, setting out particularly the manner in which it would be injured. The verdict of the jury found the compensation for the property taken to be $19,000, and $13,500 as damages to the property not taken, upon which judgment was entered, and the defendants appealed.

Various rulings of the court below, as to the admission and rejection of testimony, and as to instructions, are complained of as erroneous, which are too numerous to notice in detail, and we regard it as sufficient to consider them generally, and express our views as to the theory of the case upon which it appears to have been tried.

It appears from the map in the case, and otherwise, that these two blocks, 34 and 35, over which petitioner proposes

to lay its tracks, are bounded on the east and west by Clark street and the Chicago river, and on the south by Sixteenth street; that what is known as the St. Charles Air Line Railroad runs east and west through the blocks, dividing the one from the other. The strip proposed to be taken runs diagonally through the blocks, from Sixteenth to Clark streets, crossing the St. Charles Air Line Railroad, and the main tracks and other tracks of defendants. The defendant companies own a right of way extending from Van Buren street, north of these blocks, to Englewood, a few miles south, thence on diverging lines to Buffalo, in the State of New York, and to Council Bluffs, in the State of Iowa,—the first named portion jointly, the rest separately. Their general passenger depot is at Van Buren street, north of the blocks, and all of their freight depots and warehouses in the city of Chicago are situated north of the blocks, while nearly all of their lines extend south-easterly and westerly from said blocks. Their main lines are not only located across these blocks, but can not be constructed in any other place, or in such manner as to avoid crossing them. They have several Y tracks on the blocks, which, with their main tracks, are used almost constantly in making transfers between the several railroads operated within the city of Chicago. These main tracks cross, and the Y tracks intersect, the St. Charles Air Line Railroad, which is the channel of transfer for all railroads in Chicago, and the only one available to the defendants, because it is the only railroad crossing their lines or connecting them with others. These blocks also connect defendants' lines with the Chicago river, and through it with the navigation of the Great Lakes. It appears that these blocks, because of their proximity to the St. Charles Air Line Railroad, are especially adapted to use for the purpose of making transfers from defendants' own tracks, of freight cars to the tracks of the other railroads in Chicago and between themselves, and that the effect

of the construction and operation of the proposed four main tracks of a railroad on this fifty feet strip, would be to greatly impair the value of the property and its adaptability to such uses.

Such being the situation, numerous offers of proof were made and rejected as to the effect which the construction and operation of the proposed tracks on this strip, with the amount of traffic requiring the use of four tracks, would have upon defendants' property, the manner in which they would interfere with its use, as to the depreciation in value which would be caused thereby, and the amount of such depreciation, and particularly the effect in this respect as regards the interchange of business between defendants and other roads, there being the offer and rejection of proof that the effect in this one particular would be to compel the defendant companies to make their transfers with other railroads operated in Chicago at some other place outside of the city, at an increased expense to them exceeding $250,000 per year.

The jury were instructed, "that in law the right of a corporation to use any property, real or personal, necessary to effectuate the objects of its creation, is a franchise, and that any interruption of that right is an injury to the franchise of such corporation;" "the defendants can not recover in any way in this action for the damages to or interference with their franchise;" that the verdict of the jury must be limited "to such actual and direct damages to or diminution of the market value of the remaining portions of blocks 34 and 35, as land, and the structures thereupon, by reason of such direct physical injury as is or will be occasioned to such adjoining lands or structures by the construction and operation of the petitioner's road;" and refused to instruct, on request of the defendants, that the jury "should consider all evidence showing or tending to show actual and direct damage and injury to the railroad right of way and railroad property, as such, of the defendant companies."

It will thus be seen that the defendants were debarred all right of recovery of damages for the obstruction of the use of their remaining property, and of all damage to it which would result from the operation of petitioner's railroad on the strip taken.

We deem such ruling of the court too confined in its scope, and erroneous. Our present constitution of 1870 declares, that "private property shall not be taken or damaged for public use without just compensation." Art. II, § 13. And "the exercise of the power and the right of eminent domain shall never be so construed or abridged as to prevent the taking by the General Assembly of the property and franchises of incorporated companies already organized, and subjecting them to the public necessity, the same as of individuals." Art. XI, § 14.

In *The C. and A. R. R. Co.* v. *The S. and N. W. R. R. Co.* 67 Ill. 147, (in reference to the condemnation of a railroad crossing,) we said: "It would be a presumption of law that the appellants receive, by means of the judgment and award of damages, not only just compensation for the land taken, but for all such incidental loss, inconvenience and damage which might reasonably be expected to result from the construction and use of this crossing in a legal and proper manner. This is the true measure of just compensation contemplated by section 13 of the Bill of Rights, as respects natural persons, and the 14th section of Article II of the constitution places corporations upon the same footing." The crossing there was under the road.

In *Jones* v. *The Chicago and Iowa Railroad Co.* 68 Ill. 380, (in regard to damages to the land owner,) we said: "The amount allowed should be sufficient to cover all the actual damage occasioned by reason of the construction of the road, for the land taken, for all physical injuries to the residue, and for all inconveniences of every character actually produced; but nothing should be allowed for imaginary or speculative

damages, or such remote or inappreciable damages as the imagination may conjure up, and which may or may not occur in all the future." And in *Keithsburg and Eastern Railroad Co.* v. *Henry,* 79 Ill. 292: "In ascertaining the extent of such damages, they (jury) must assuredly look to all the facts which contribute to produce these damages. They may consider the fact that it puts the farm in worse shape for cultivation or pasturage; that it renders some portion of it less convenient, or more dangerous for use; that there may be inconvenience or danger in crossing the road with stock to water, * * * and all other actual inconvenience and damage the property may sustain in its use, and consequently its value, not only in the present, but for the future. These all produce damage to the property, and are proper for the consideration of the jury." And see *Mix* v. *The Lafayette, Bloomington and Mississippi Railroad Co.* 67 Ill. 321.

Upon the principle of these decisions there was surely error here in the ruling of the court, unless there is to be a different rule applied to corporations seeking such condemnation as this, than to individuals, which there is not. As we have heretofore said, they stand upon the same footing in this respect. And see further, to similar effect, *The Seneca Road Company* v. *The Auburn and Rochester Railroad Co.* 5 Hill, 174; *The Old Colony and Fall River Railroad Co.* v. *The County of Plymouth,* 14 Gray, 155; *The G. R. N. and L. S. R. Co.* v. *The G. R. and I. R. Co.* 35 Mich. 265.

The defendant companies were the owners of this right of way, and although the right is limited to the use of the land for the construction, maintenance and operation of a railroad upon it, this limited use is property, and as much so as if the use were an absolute one. This use was exclusive in the defendants, and had the petitioner entered upon the right of way and placed any obstruction upon it, it would have been a trespasser. By the present proceeding the petitioner acquires the right to enter upon the premises described, and

construct and operate thereon four main tracks of a railway. Property is thereby taken from the defendants, and they must have just compensation. Their use, which was before exclusive, is now reduced, it only being a right to use the premises when petitioner is not using them; so the use is impaired. The record discloses that all evidence as to damage to any of the right of way, or railroad property, beyond the boundaries of blocks 34 and 35, was excluded, and the damage allowed restricted to these blocks. The right of way is a right of user extending the whole length of the railroad, and any interference with it at any point, we think, may be considered in connection with and as affecting it as an entirety. We think it was competent to show, as was attempted, and to recover for, damages to which the companies would be subjected by placing obstructions upon their right of way, whereby access to different parts of their lines would be interfered with, and their capacity for the transaction of business impaired or destroyed. We do not see why it may not be admitted as well as in the case of a farm, where a railroad interferes with access between its different portions.

Some of the rulings of the court are attempted to be justified on the ground that the subject matter involved the business of the roads. Evidence as to amount of traffic was legitimate, to show the extent of the use to which this strip of land would be subjected in the operation of the road, and to what extent it would injure the adaptability of the two blocks for transfer uses, as affecting the questions of depreciation of their value, and damage to the other railroad property. There evidently was no claim for or purpose to show mere damage to business, but damage to the capacity of the property for the use. The franchise in these blocks is a property right held with regard to them, and the volume of the use of the franchise is material in ascertaining its value, and the damage which interference with it will cause.

While some witnesses were permitted to state that the two blocks had a special adaptability to railroad use, it appears that no one was permitted to make any estimate as to its value with regard to such use. The ordinary rule as to stating the market value would not seem to apply here. In its situation the land was not available for use for general and ordinary purposes. It could not be said to have any market value as such property that it was. It was devoted to a special use, and the most valuable use to which it could be applied, as shown by the evidence, was that special use of making railroad transfers; and estimates of its value with reference to such use, by those competent to speak in that regard, should have been received. See *I. and W. R. R. Co.* v. *Von Horn*, 18 Ill. 258.

As expressed by WELLES, J., in *Beckett* v. *The Midland Railway Co.* L. R. 3 C. P. 82: "The property is to be taken *in statu quo*, and to be considered with reference to the use to which any owner might put it in its then condition."

The limitation of the recovery of damages to those for the direct physical injury to the land was too restricted under the above cited decisions of this court, which are to the effect that there should be compensation for all such incidental loss, inconvenience and damage which may reasonably be expected to result from the construction and use of the crossing. And we think the above refused instruction asked by the defendants should have been given.

As to the rejected testimony, speaking of it on the score of materiality, without reference to any objection otherwise, we think it should generally have been admitted for the consideration of the jury, as tending to show injury to the right of user, the extent thereof, and the depreciation of value caused thereby to such property right.

As to the necessity of the appropriation and the power of the petitioner to make it, those questions have been determined in the case of *L. S. and M. S. R. R. Co. et al.* v. *C. and*

*W. I. R. R. Co.* 97 Ill. 506,—an injunction suit brought to restrain the prosecution of this very proceeding. .

As to the order of the county court, complained of, authorizing the appellee to enter on the premises pending this appeal, it was made after the entry of the final judgment, from which alone this appeal was taken, and after the appeal was perfected; and as we view it, the appeal brings up for review only such matters as preceded the entry and perfecting of the appeal, and not any matter which occurred subsequently in the lower court. The present appellant prayed a second appeal from this order, which was disallowed. The disallowance of this second appeal would not have the effect of bringing up this order to be reviewed on the hearing of the first appeal.

The judgment is reversed and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE SCOTT: I can not concur in the opinion of the majority of the court.