Bailey, J. It appears, both by the averments of the bill and the admissions of the answer, that the complainant’s railroad runs for several miles upon and along Wallace street in the town of Lake, and that it was constructed upon that street by and with the consent of the municipal authorities of said town. It also appears that the defendant, being desirous of connecting its tracks with those of another railroad lying upon the opposite side of the complainant’s road, has purchased the land upon which to construct the connecting tracks, and obtained permission and authority from the town to lay its tracks across the intervening streets, and has actually laid said tracks the whole distance except-across the complainant’s road at Wallace street-. The question is, whether it has a right to cross the complainant’s road without its consent, and without making just compensation for such damages as will thereby result to the complainant. It can not be doubted, we think, that the complainant, by laying its tracks and building its railroad in Wallace street, after having obtained permission and authorit)r so to do from the town, acquired a perpetual easement in the street. That easement consisted in the right to maintain, use and enjoy its railroad free from hindrance or molestation, save such as was incident to the proper and ordinary nse of the street by the public. As we said in C. & N. W. Ry. Co. v. Village of Jefferson, 14 Bradwell, 615, “This easement is a property right, and it is as much protected from unlawful invasion as any other property, nor can it betaken or damaged for public use without just compensation.” It seems clear that the construction of another railroad across that of the complainant, though built on the same grade, is a taking of the complainant’s property for public nse, within the meaning of the constitution. It necessitates an interference with the track and road bed of the complainant’s road, which does not come within the proper and ordinary use of the street as a highway, atid which will necessarily, to some extent at least, impair the beneiicial enjoyment of the complainant’s easement, Before this can be permitted, the damages to the complainant’s property rights must be ascertained and compensation made, To effect the crossing, the complainant’s tracks at the place in question must be removed and cross-tracks put in, thus necessarily causing, for the time being, a total obstruction of the road. But another and perhaps a more important element of damages may consist in the permanent interference, by means of the crossing, with the business transacted over the complainant’s road. It appears by the bill that over one hundred trains pass over their road daily, and it is hardly possible that trains passing the crossing on the defendant’s road will not form some considerable obstruction to the business thus.being carried on over the complainant’s road. That such obstruction constitutes an element of damage for which the complainant is entitled to compensation, seems to be settled in L. S. & M. S. Ry. Co. v. C. & W. I. R. R. Co., 100 Ill. 21. But it is not necessary for us in this case to determine the measure of damages. It appearing that the construction of the proposed crossing will constitute a taking of the complainant’s property within the meaning of the constitution, the complainant is entitled to have the construction of the crossing enjoined until compensation is made. The authorities cited by the counsel for the complainant sustain the position that a court of equity will enjoin a railroad company from entering upon and taking possession of the property of another for the purpose of constructing its road, until it has made compensation to the owner for the property thus proposed to be taken. It follows that the court below erred in dissolving the injunction and dismissing the bill for want of equity, and for that error the decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion. Decree reversed.