## Chicago and Western Indiana Railroad Company
### v.
## Lake Shore and Michigan Southern Railway Company.

*Injunctions—Railroads—Construction of Crossing — Contract — Easement—Damages—Estoppel.*

Upon a bill filed by a railroad company to restrain another company from interfering with it in laying down and constructing a railway track across the defendant's track on premises owned by the complainant, it is *held:* That the complainant has the right to construct the track, both by reason of its ownership of the ground and the reservation in the contract under which the defendant's tracks were constructed; that the complainant's damages, if prevented from constructing its track, would be wholly uncertain; and that the question whether the use to be made of the proposed track will be consistent with the enjoyment of the easement of the defendant, does not arise.

[Opinion filed January 16, 1889.]

Appeal from the interlocutory order of the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding.

Mr. Charles M. Osborn, for appellant.

This is an appeal from an interlocutory order granting a preliminary injunction which restrains the appellant from resisting the appellee in its proposed attempt to put in a switch track. The sole purpose of the bill on which the injunction is founded is to prevent such forcible interference. The bill does not even suggest any immediate or irreparable damage to the appellee.

If there is an immediate and irreparable damage it is one which appellee has brought on itself by the recent purchase of this yard property, which might well have been acquired elsewhere; and the rule in this respect was well stated by counsel for appellee in reference to this same crossing in the case of The L. S. & M. S. Ry. v. C. & W. I. R. R., 100 Ill. 22, as fol-

lows: "A necessity created by the company for its own convenience, or for the sake of economy, will not justify an interference with or extension of previously granted franchises;" citing Packer v. The Railroad Company, 7 Har. 211, and other cases.

The appellant is in the exclusive and undisputed possession of its four tracks and of its right of way, fifty feet in width, on which they are constructed, and has been so possessed for many years. It did not derive that possession under any contract with the appellee, or by appellee's consent; so that appellee's right to enter on that property, if any it has, lies in contract and not in possession.

Appellee proposes to enter upon appellant's possession in pursuance of this alleged contract right, and to enable it to do so the court issued an injunction restraining appellant from defending its possession. This amounts to neither more nor less than the specific performance of a contract by interlocutory injunction.

Where there is imminent danger of irreparable injury unless the court interferes, injunctions are frequently issued to preserve the *status rei* pending the litigation.

Injunctions are also sometimes issued on interlocutory orders to aid in the execution of a decree in chancery settling the rights of the parties, and sometimes in aid of a judgment at law which has finally determined those rights.

But this is neither of these cases. The meaning of the contract is disputed, and has not been settled by any court, either of law or equity, and the preliminary injunction has issued to change the status of the property by turning the appellant out of possession and putting the appellee in possession; thus accomplishing all that appellee desired or asked for, by an interlocutory order, without even an opportunity to determine the rights of the litigants except the unreviewed judgment of the *nisi prius* judge who issued the order.

If this practice can be sustained it will prove a popular method of enforcing contested claims, both on account of its speed and also because it renders all further litigation unnecessary; the complainant having accomplished all that he

wished by his bill, is in a position immediately to dismiss it; no further hearing is even desirable to him; and it will be for the defendant to get back into possession again by the same process when he can find a judge who takes another view of his rights.

Mr. PLINY B. SMITH, for appellee.

GARY, J.   This is an appeal from an injunction order of the Circuit Court in a case in which the appellees were complainants, and the appellants defendants, in the following words:

"The motion of complainant for an injunction according to the prayer of its original bill, coming on to be heard upon the pleadings, maps, affidavits, and the contract referred to in said pleadings, and, after argument, it is ordered that, upon filing a bond of $10,000, an injunction issue restraining the defendant, its officers, etc., from preventing the complainant from laying down and constructing a railway track across defendant's tracks on blocks 34, 35, etc., except that portion of defendant's tracks and right of way acquired from the St. Charles Air Line Railroad, and from interfering with or in any way hindering or obstructing complainant in so constructing its track across the tracks of the defendant until further order."

November 2, 1882, by a contract between appellees and the Chicago, Rock Island & Pacific Railway Company as parties of the first part, and the appellants of the second part, reciting that the parties of the first part were the owners of blocks 34 and 35, etc., the parties of the first part did "grant and convey to the said party of the second part a right of way for its four main tracks across said blocks," describing a strip fifty feet in width as the location of the right of way, and authorized "the said party of the second part, its successors and assigns, to construct and forever maintain and operate on and along said above described parcel of land, four main tracks of its railroad; subject, however, to the following reservations, and dependent upon the performance of the following conditions, to be kept and performed by the said party of the second part."

Among these reservations or conditions was this: "Said first party reserves to themselves, jointly and severally, and to their several successors and assigns, the right to forever preserve, maintain and operate the railroad tracks now established across said parcel of land, and to hereafter construct and forever maintain and operate, directly or obliquely, across said parcel of land, such additional tracks, at the grade of the tracks now established, as they, or either of them, may deem necessary to the more convenient transaction of the business of said parties, or either of them; but such tracks as may hereafter be constructed by said first party, or either of them, shall be so constructed as not to prevent said second party from operating its said four main tracks."

For a long time before the making of that contract, these parties of the first part had had railroad tracks running nearly north and south across these blocks, and near the east side of them. Before the contract was made the appellants had laid their tracks under a judgment they had obtained in proceedings under the eminent domain act, but that judgment being reversed by the Supreme Court (100 Ill. 21) and the cause remanded for another trial, the parties made terms with each other, and the contract referred to was made between them. The record does not show that the suit was then dismissed, but the fair inference is that it was, so that the only right the appellants have upon the ground is under the contract.

The tracks of the appellants cross those of the appellees from northeast to southwest, and a short distance south of that crossing the tracks of other roads cross the tracks of both appellants and appellees from east to west. It is no doubt true, as appellants allege, that the amount of business over these various tracks is very great, and the crossings, places of great danger.

The appellees have now, to the southwest of this crossing of the tracks of the parties to this suit, established a freight yard, and propose to put in a track from that freight yard connecting with their own tracks at a point north of the last mentioned crossing, and which, as proposed, will cross appellants' tracks mainly upon the right of way granted by the

contract, but slightly on a right of way acquired by the appellants from the roads owning the east and west tracks mentioned.    To the construction of that proposed track the appellants will not consent, and threaten to prevent it by force, and their reason for so doing is that the use of the proposed track in connection with the freight yard of the appellees will prevent the operation of the appellants' tracks.

It is not, therefore, the construction, but the subsequent operation of the track which the appellants have to fear.  The appellees have, both by their own ownership of the grounds, as recited in the contract, and the reservation in the contract, the strict legal right to construct the track.  If they are prevented from so doing the damages to them are of a kind that no evidence can fix.  They are wholly uncertain, and if not merely conjectural, would rest only in opinion, without any basis of ascertainable facts from which a mathematical calculation could be made.

That large investments would lie idle, unless some other mode of utilizing them would be practicable, is apparent, and whether some other mode should be adopted or not, the appellees, by their contract, reserved for their own judgment.

The appellants have no right, by force, to prevent the appellees using their own property in the manner that, by contract, they have reserved to themselves.  The case is not one of specific performance by interlocutory injunction.  The appellees claim nothing under appellants.  The appellants have an easement, and only an easement, under the appellees, and the effect of the injunction granted by the Circuit Court is to confine the appellants to the rights they acquired by their contract.

The exception in the injunction, upon which appellees have assigned a cross-error, is right.  The right of way there mentioned, appellants do not claim under appellees, and a bill in equity will not lie merely to enforce an estoppel if, by the recital of ownership of the blocks, in connection with other parts of the contract, the appellants could be held to be estopped.  Whether the use that appellants intend, or may make of the track when constructed, will be consistent with the

enjoyment of the easement granted to appellants, can not now be determined. Nothing in this opinion will affect that question, if it ever arises.

The order appealed from is affirmed.

*Order affirmed.*