(No. 11648.—Reversed and remanded.)

THE EAST SIDE LEVEE AND SANITARY DISTRICT, Appellant, *vs.* THE ALTON AND SOUTHERN RAILROAD, Appellee.

*Opinion filed December 19, 1917.*

1. EMINENT DOMAIN—*rules for damages in condemning private property apply to condemnation under drainage statutes.* The same rules for ascertaining damages which govern ordinary proceedings for the condemnation of private property apply to condemnation cases arising under the drainage statutes, and the property of a railroad company stands on the same footing as that of an individual.

2. SAME—*damages to railroad property not taken for drainage channel in crossing right of way may be offset by benefits to remainder.* Where a proposed drainage channel crosses the right of way of a railroad company, making necessary the construction of a bridge over the ditch, the measure of the railroad company's damages, aside from the value of the land actually taken, is the difference between the value of the remainder of the right of way, as a whole, before and after the construction of the proposed improvement in accordance with the plans offered in the condemnation proceeding.

3. SAME—*what evidence admissible to show benefits.*  To show benefits to the remainder of a railroad right of way a portion of which is to be taken for a drainage channel, which will require the company to build a new bridge at that point, evidence is admissible to show that the construction of the improvement will eliminate the necessity for keeping certain wooden trestles in use near the new bridge and thereby greatly lessen the expense of maintaining the right of way and embankment at such points.

·APPEAL from the County Court of Madison county; the Hon. HENRY B. EATON, Judge, presiding.

THOS. E. GILLESPIE, (F. A. GARESCHE, D. H. MUDGE, and JOHN B. HARRIS, of counsel,) for appellant.

J. L. FLANNIGEN, and J. E. HAMLIN, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment entered in condemnation proceedings in the county court of Madison county against the appellant sanitary district in favor of appellee, said railroad, for $23,290.

The petition in this case is in the usual form for such proceeding.  Appellee filed a cross-petition, in which it alleged that the taking of the property as proposed by the petitioner would greatly damage and injure the remainder of its property.  The property sought to be taken by condemnation is an easement and right of way for appellant for a main channel for its district, which crosses appellee's right of way.  A jury was waived and the cause was tried before the judge on a stipulation of facts.  By said stipulation it was agreed that the petition, ordinance, map and profiles be made a part thereof and respondent's cross-petition be considered in connection with the stipulation; that such petition and cross-petition contemplated the excavation of a channel for a waterway across appellee's railroad where there is not now and never has been any water-course, rail-

road bridge or structure of any kind except appellee's railroad embankment; that the point where said excavation for the water-course crosses appellee's railroad is at such a distance from certain portions of the bed of Cahokia creek that the new channel, when constructed, will make necessary the construction by the appellee of a steel bridge, with concrete piers and abutments, to carry the traffic across said channel and waterway; that appellee's railroad crosses Cahokia creek in three places in the vicinity of the construction of said proposed channel; that at these three crossings appellee has constructed and has now in use wooden trestles; that the expense and cost of constructing a new steel bridge across the new water-course for said railroad to accommodate its single track would be $21,166, and the capitalized cost of permanently maintaining and repairing said bridge and one track thereon, in excess of present cost, would be $1924; that the value of appellee's land actually taken by appellant in excavating said channel, and the permanent depreciation in value by reason of taking and removing the earth from the same, would be $200. The court found that these three items would be the damages that should be allowed to appellee and entered a judgment in that amount,— that is, for the total sum of $23,290.

Appellant on the hearing offered evidence which tended to show that the cost of maintaining some of the long trestles of the appellee railroad over the present channel of Cahokia creek would be largely, if not entirely, eliminated by the construction of the new channel for said water-course, and claimed that the cost and expense thus eliminated should be deducted from the damages allowed appellee for the cost of constructing and maintaining said new bridge. Appellant at the close of the hearing submitted twelve propositions of law, asking that each of them be held applicable to the case, all but the first being refused.

The trial court permitted evidence to be introduced by appellant which tended to show that the construction of the

new channel for the water-course would result in turning most, if not all, of the water into said new course from the former channel of Cahokia creek, and that this would eliminate the necessity of keeping in use at least two of the trestles over said creek as now in use, and that this would greatly lessen the expense of keeping in repair for actual use appellee's right of way and railroad embankment at a point where these trestles are now being used. The trial judge reserved his ruling on this question until all the evidence was introduced, and then, after consideration, struck this evidence out as not proper to be considered in this proceeding.

The tenth proposition of law offered by appellant and refused by the court perhaps states in as brief a form as any of the propositions the vital question at issue. That proposition reads:

"The court holds as a matter of fact that whatever tends to decrease the expense of the maintenance of the track and railroad of the respondent, Alton and Southern Railroad, by reason of the proposed improvement, is proper to be shown as special benefits accruing to the respondent, and may be offset against damages that may be occasioned to respondent to the part of its railroad not taken by the petitioner in this proceeding."

Appellant insists that under the reasoning of this court in *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co.* 255 Ill. 398, this proposition should have been given by the court, and that others which in varying words stated the same principle should also have been given. This court said in the case last cited (p. 405): "It is the direct benefit to the railroad as property, and not to the company in its business, which is to be considered. Whatever tends to decrease the expense of the maintenance of the track and railroad or the operation of trains is a legitimate subject for consideration." Counsel for appellee seem to concede that if this doctrine should apply in this case the court erred in striking out the evidence in question

and refusing to give this proposition, but they insist that *Cache River Drainage District* v. *Chicago and Eastern Illinois Railroad Co. supra,* was a special assessment proceeding under the Drainage act and the doctrine there laid down should not apply in this condemnation matter; that there is no authority in the statute under which appellant was created granting it power to construct any of its work by special assessment proceedings; that to permit this doctrine to be applied here would convert the case into a special assessment proceeding in substance and effect if not in form, and would also be contrary to the decisions of this court recently handed down in *East Side Levee and Sanitary District* v. *East St. Louis and Carondelet Railway,* 279 Ill. 123, *East Side Levee and Sanitary District* v. *Mobile and Ohio Railroad Co.* id. 319, and *East Side Levee and Sanitary District* v. *East St. Louis, Columbia and Waterloo Railway Co.* id. 362; that in some, if not all, of those three cases the same stipulation of facts and the same situation was in the record as to the new excavated channel doing away with much of the flow of water in the old channel of Cahokia creek as was attempted to be shown here, and that appellant is attempting in this case, since those decisions were handed down, to avoid their effect by raising the question of benefits to the remainder of the railroad, and thereby lessen the cost to be charged to appellant for building a new bridge across said new channel, as was required by said decisions. A sufficient answer to the last part of this argument of appellee is, that the question of damages to the remainder of the road by the excavation of the new channel and construction of the new bridge being offset by benefits to the remainder of the right of way of any of said three railroads was not raised or decided in any of those three cases and not even referred to in said opinions.

It has always been the law in this State that special benefits to the remainder of the property not taken may be set off against damages to the remainder. "The doc-

trine of the later cases [in this State] is that the owner is entitled to the value of the part taken without deduction for benefits of any kind, and that special benefits, only, may be set off against damages to the remainder. But as increase in value due to the use or improvement is held to be a special benefit, the measure of damages is held to be the value of the part taken and any diminution in value of the remainder due to the taking and use proposed." (2 Lewis on Eminent Domain, sec. 692. See, also, Hurd's Stat. 1916, chap. 47, sec. 9, p. 1233.) In. *Peoria, Bloomington and Champaign Traction Co.* v. *Vance,* 225 Ill. 270, this court said (p. 273) : "Under the rule adopted in this State for determining whether, or in what amount, property not taken will be damaged by the construction and operation of a railroad, any benefits which are not conjectural or speculative and which actually enhance the market value of such property are to be considered as special benefits and not as general benefits, within the meaning of the rule that general benefits cannot be considered in determining whether, or in what amount, property not taken will be damaged," and it was there held that the measure of damages for land not actually taken for railroad right of way is the difference in the fair cash market value of such land before and after the construction of the railroad. In *Eldorado, Marion and Southwestern Railroad Co.* v. *Everett,* 225 Ill. 529, this court said (p. 535) : "If the property is of the same value after as before the improvement the owner has sustained no loss. Damages cannot exist if the value of the property is not lessened, and the benefit which the land owner secures as an owner of the property is a special benefit. In determining whether land has or has not been damaged the jury should consider whether the market value of the property remaining will be enhanced by the improvement, although other property in the vicinity will be likewise benefited." Where a part of the tract is taken it is evident that just compensation cannot be determined without considering the

manner in which the part is taken and the effect of the taking upon that which remains. "But what justice is there in considering the effect in so far, only, as it produces damage? If a railroad is constructed through a farm and drains a valuable spring whereby the remainder is depreciated $500, it is conceded that just compensation must include this $500. But if instead of draining a valuable spring it drains a marshy tract so as to make it worth $500 more for actual use, the same sense of justice requires that this $500 of benefits should be considered." (2 Lewis on Eminent Domain, sec. 693.)

The above doctrine seems to be conceded so far as it applies to the taking of property of private individuals by a railroad company for its right of way, but, as we understand the argument of counsel for appellee, it is claimed that this ought not to apply to railroad right of way. In the condemnation of property this court has held that just compensation as to natural persons rests upon the same basis as compensation to corporations. In *Chicago and Alton Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 67 Ill. 142, this court said (p. 147) : "It would be a presumption of law that the appellants received, by means of the judgment and award of damages, not only just compensation for the land taken but for all such incidental loss, inconvenience and damage which might reasonably be expected to result from the construction and use of this crossing in a legal and proper manner. This is the true measure of just compensation contemplated by section 13 of the bill of rights as respects natural persons, and the fourteenth section of article 11 of the constitution places corporations upon the same footing." This doctrine is clearly in accord with the provisions of the constitution and was quoted with approval by this court in *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 100 Ill. 21.

This precise question has never been raised or passed upon by this court in a case where the facts were similar to those here under consideration, but cases have been decided by this court where the principles involved were similar to those here involved,—that is, where one railroad sought to procure the right to cross, by condemnation, the right of way of another railroad. This court, in discussing the just compensation that should be allowed under the constitution of 1870 to one railroad when its right of way was crossed by another railroad company, said in *Chicago and Alton Railroad Co.* v. *Springfield and Northwestern Railroad Co. supra* (p. 148) : "Appellants are entitled to such a sum for damages, to be paid by appellee in money, as will enable appellants to construct and keep in repair all such works as may be necessary to keep their track in a safe and secure condition. * * * They are also entitled to damages for all such incidental loss and inconvenience as may be a necessary result." In *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Springfield and Northwestern Railroad Co.* 96 Ill. 274, just compensation as to damages as to the same crossing just referred to was again under consideration by this court, and it was there said (p. 277) : "The amount found by the verdict of the jury, according to the evidence, would build and keep up a wooden bridge at the point of intersection, but it would do but little, if anything, beyond this. It does not comprehend additional expense for watchmen, the expense of building and maintaining permanent abutments, losses incident to re-building or repairing, or retaining walls, nor cover contingent losses by fire or otherwise. All loss which may be sustained at this point in consequence of having a bridge instead of an embankment is chargeable to the appellee. The excavation is solely for its benefit, and it cannot charge upon another any expense or loss arising therefrom. If any other kind of a bridge is more safe, appellant is entitled to have a sum sufficient to erect and maintain, perpetually, a bridge of that degree of

safety and likewise to be reimbursed for all inconvenience and expense incident to the erection and maintenance of such a bridge on a line of railway used as is that of appellant."

Some of the principles involved here and a review of the previous decisions of this court are found in *Lake Shore and Michigan Southern Railway Co. v. Chicago and Western Indiana Railroad Co.* supra, and it was there said (p. 32) : "The right of way is a right of user extending the whole length of the railroad, and any interference with it at any point, we think, may be considered in connection with and as affecting it as an entirety. We think it was competent to show, as was attempted, and to recover for, damages to which the companies would be subjected by placing obstructions upon their right of way whereby access to different parts of their lines would be interfered with and their capacity for the transaction of business impaired or destroyed. We do not see why it may not be admitted as well as in the case of a farm where a railroad interferes with access between its different portions. * * * The limitation of the recovery of damages to those for the direct physical injury to the land was too restricted. * * * As to the rejected testimony, speaking of it on the score of materiality, without reference to any objection otherwise, we think it should generally have been admitted for the consideration of the jury, as tending to show injury to the right of user, the extent thereof and the depreciation of value caused thereby to such property right." In *Peoria and Pekin Union Railway Co. v. Peoria and Farmington Railway Co.* 105 Ill. 110, this court said (p. 118) : "Direct and immediate damages are alone recoverable in this class of cases and remote or mere incidental damages cannot be considered. It is that injury which depreciates the value of the property, whether by taking a portion of it or rendering the portion left less useful, or, in case of a railroad company or other corporate body, less capable of transacting its business,—such a hindrance and inconvenience as to occasion loss or diminish

and limit its capacity to transact its business by decreasing the power to transact as much or necessarily increasing the expense of what may be done, although not diminished." See, also, the discussions by this court as bearing on this question, where some of the principles laid down in the decision just quoted are re-affirmed in *Chicago and Western Indiana Railroad Co.* v. *Englewood Connecting Railway Co.* 115 Ill. 375, *Wabash, St. Louis and Pacific Railway Co.* v. *McDougall*, 126 id. 111, *Lake Shore and Michigan Southern Railway Co.* v. *Baltimore and Ohio and Chicago Railroad Co.* 149 id. 272, *Metropolitan West Side Elevated Railway Co.* v. *Stickney*, 150 id. 362, and *Fahnestock* v. *City of Peoria*, 171 id. 454. This court held in *Ginn* v. *Moultrie Drainage District*, 188 Ill. 305, that the same rules for ascertaining damages which govern proceedings for the condemnation of private property for public use apply to cases arising under the drainage statutes.

Under the above decisions there can be no question that a right of way of a railroad is the right of user extending the whole length of the railroad, and that any damages to the remainder of the road at such a crossing as this must be considered in connection with the entire right of way, and that the measure of damages to the remainder, in such a case, is the difference between the value of the remainder, as a whole, before and after the construction of the proposed improvement in accordance with the plans offered. This being so, the evidence offered and ruled out should have been considered by the court.

It is conceded by all counsel that in view of the state of the record since the evidence in dispute was ruled out this court cannot pass finally on the question of the actual damages to the remainder under the cross-petition.

The judgment of the county court will be reversed and the cause remanded for further proceedings in harmony with the views herein stated.      *Reversed and remanded.*