ROBERT GINN

*v.*

MOULTRIE, COLES AND DOUGLAS DRAINAGE DISTRICT.

*Opinion filed December 20, 1900.*

1. DRAINAGE—*general rules of damages in condemnation cases apply to drainage cases.* The same rules for ascertaining damages which govern proceedings for the condemnation of private property for public use apply to cases arising under the drainage statutes.

2. SAME—*benefits cannot be set off against compensation for land actually taken.* In drainage cases damages to land not taken may be paid for by benefits, but no benefits can be set off against compensation for land actually taken, since the constitution requires that the compensation to the owner of private property taken for public use must be paid in money, alone.

3. SAME—*land actually taken for a ditch must be paid for in money.* Corporations organized for drainage purposes cannot take private property for the construction of a ditch without compensating the owner in money. (*Payson* v. *People*, 175 Ill. 267, followed.)

WRIT OF ERROR to the County Court of Moultrie county; the Hon. JOHN D. PURVIS, Judge, presiding.

EDEN, MARTIN & EDWARDS, for plaintiff in error.

HARBAUGH & WHITAKER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error is the owner of six tracts of land in the drainage district of defendant in error. A jury was empaneled in the county court of Moultrie county for the assessment of damages and benefits to the lands in the district, under section 16 of the act to provide for the organization of drainage districts and for drainage for agricultural, sanitary and mining purposes. (2 Starr & Cur. Stat. 1896, p. 1508.) The assessment of damages and benefits was made by the jury, and as to three of said tracts of plaintiff in error no damages were allowed, but they were each charged $74.08 as benefits. As to three

188—20

of the tracts through which the ditch ran, damages were allowed and benefits assessed and set off against each other, and the balances were carried forward to a separate column for damages or benefits, as provided in section 17 of said act. In the case of one tract the benefits assessed exceeded the damages, and the balance was carried forward and plaintiff in error charged with it as benefits. Plaintiff in error filed his objections, calling in question the amount of damages to said three tracts across which the ditch ran, and one other tract, as being too small and the benefits as being too large. He also filed a particular objection that the proposed ditch would run through said three forty-acre tracts of his land a distance of 164.34 rods, at an average width of about twenty-four feet; that, with the additional land necessarily taken for repairing and use of the ditch, there would be taken of his said land about four acres, of the value of $280; that no compensation whatever had been allowed him for the land so taken, and that he had never donated said lands for that purpose. He asked for a hearing and to introduce evidence on the points made in his objections. There was a hearing before the jury and court, and the only evidence consisted of the testimony of plaintiff in error and two witnesses in his behalf. That testimony was, that the land was worth from $60 to $70 per acre, and that the ditch, with the necessary width taken in its construction and maintenance, would include three or four acres of the land. The jury refused to make any change or correction in the assessment and returned their verdict overruling the objections. Plaintiff in error then objected to the confirmation of the assessment roll, but the court overruled his objections and confirmed the roll and ordered it spread upon the record. The objections in this court are confined to the three tracts of land across which it was proposed to construct the ditch, and a part of which was to be taken and appropriated for such construction. As to one of these tracts, if the jury awarded

compensation for the land actually taken, they paid it in benefits and charged him a balance over. As to the others, compensation for the land actually taken was either not allowed or the benefits to the remainder not taken were applied toward payment of it.

The questions in the case are whether defendant in error has a right to take the land of plaintiff in error and construct its ditch thereon without making compensation for the land actually taken, and whether such compensation can be paid by setting off benefits to the land against it. These are not new questions in this court, but must be regarded as already settled. Under the constitution, the compensation to be paid to the owner for private property taken must be in money alone, disregarding all benefits to the portion of the land not taken, and it is not in the power of the legislature to disregard this provision and to take property without compensation or to provide for paying it in benefits. (*Hayes* v. *Ottawa, Oswego and Fox River Valley Railroad Co.* 54 Ill. 373; *Carpenter* v. *Jennings,* 77 id. 250; *Washington Ice Co.* v. *City of Chicago,* 147 id. 327.) The entry upon land and the construction of a ditch for drainage purposes constitute, in law, a taking and appropriation of a perpetual easement and interest in the land, which is protected from invasion even as against the owner of the land. The same rules for ascertaining the damages which prevail in proceedings for the condemnation of private property for public use apply to cases arising under the drainage statute. (*Chronic* v. *Pugh,* 136 Ill. 539.) The damages to land not taken may be compensated for by benefits, but no benefits can be set off against compensation for land actually taken.

The precise question involved in this case was passed upon in *Payson* v. *People,* 175 Ill. 267. It was insisted in that case that a different rule exists with reference to drainage districts than with reference to condemnation proceedings in which private property is sought to be

taken for public highways or railroads, but we said that the contention could not be sustained. It was held that corporations organized for drainage purposes cannot take private property for constructing any drainage ditch without making compensation to the owner of such property in money, and not in benefits.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*