(No. 21336.— )

Louis Turk, Appellee, *vs.* The City of Chicago, Appellant.

*Opinion filed February 23, 1933—Rehearing denied April 12, 1933.*

Dunn and DeYoung, JJ., dissenting.

WILLIAM H. SEXTON, Corporation Counsel, and IRVING ROOKS, (JOSEPH F. GROSSMAN, JOHN W. McCARTHY, JOSEPH J. SULLIVAN, and CARL J. APPELL, of counsel,) for appellant.

AARON SOBLE, (MAURICE A. BARANCIK, HOWARD F. BISHOP, WILLIAM H. DILLON, EUGENE H. DUPEE, WILLIAM T. HAPEMAN, GEORGE A. MASON, and ANGUS R. SHANNON, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action in assumpsit filed by appellee in the superior court of Cook county to recover interest on a judgment for compensation for property taken, previously entered in that court in a condemnation proceeding under section 32 of the Local Improvement act of 1897, wherein the city of Chicago, appellant here, acquired certain property of appellee for a public improvement. The judgment in condemnation entered on December 31, 1928, awarded $22,500 to appellee for property taken for the improvement. Appellant made final payment of that judgment on September 22, 1930, and on that day took possession of the property condemned. Appellant, as defendant in this suit, filed a plea of not guilty and an affidavit of merits stating that no judgment was entered against the city and in favor of appellee. Trial was had before the court without a jury and judgment was rendered for the defendant. On review the Appellate Court for the First District reversed that judgment, rendered judgment for appellee in the sum of $1759, and granted a certificate of importance and an appeal to this court.

The facts are not in controversy. The judgment for $22,500 was for a certain portion of appellee's lot which was improved by a two-story brick building containing four store rooms on the ground floor and three apartments above. In the proceeding for the improvement the sum of $2698 was found and confirmed as benefits to the remainder of

appellee's lot. On April 25, 1929, appellee, for the purpose of paying that assessment, applied for and received from the city the sum of the assessment, which he then delivered to the city in payment of the assessment. The amount paid by the city on the judgment on September 22, 1930, was $19,802. It was conceded on the hearing that interest, if any is due appellee, was correctly computed at $1759.

The action in this case is based on two propositions: First, that judgments in condemnation proceedings under section 32 of the Local Improvement act become final and unconditional if the proceedings under which the condemnation action is taken be not dismissed within ninety days after the rendition of the judgment; and second, section 3 of the general statute on interest applies to final and unconditional judgments entered against municipalities in condemnation proceedings. Appellant controverts these propositions on the grounds that the general statute on interest does not apply to municipal corporations, and that this court is committed to the doctrine that a property owner whose property has been condemned for a public use is not entitled to interest on the judgment in condemnation until the municipality has taken possession of the property, and since the balance of the judgment was paid when possession was taken, no interest is recoverable.

The proceedings for the local improvement out of which the judgment in condemnation arose were begun by appellant on June 1, 1925. They involved the widening of a certain portion of Western avenue, and· the property of appellee was condemned in the course of that proceeding and under the provisions of sections 13 to 33 of the Local Improvement act of 1897. Section 32 of that act (Cahill's Stat. 1931, p. 360; Smith's Stat. 1931, p. 492;) is as follows: "Upon the return of a verdict in a proceeding to acquire property for a public improvement, if no motion for a new trial be made, or if made, then if overruled, the petitioner shall within ninety days after final judgment

as to all defendants, both as to the amount of damages and compensation to be awarded and benefits to be assessed, elect whether it will dismiss said proceeding or enter judgment in [on] said verdict. If it shall elect to enter such judgment, it shall become thereby bound and liable to pay the amount thereof, whether such assessment be collected or not, and such judgment or condemnation shall not be conditional. Petitioner shall not thereafter be permitted to withdraw from such proceedings, or to dismiss the same, without the consent of all parties whose land is thereby condemned, except as hereinafter provided. In case an appeal or writ of error be taken by either party from the judgment of condemnation or confirmation, then unless the petitioner shall file in the cause its written election to proceed with the improvement, notwithstanding the appeal, no steps shall be taken to collect the assessment, nor to compel payment of the compensation awarded, until said appeal or writ of error be disposed of and final judgment entered in the cause; or in case of reversal, until a new trial and judgment; but in case of final reversal petitioner may still elect to abandon the proceeding: Provided, the same be done within sixty (60) days thereafter."

It appears from the record that in the proceeding to determine just compensation for the taking of appellee's property a jury was waived and the cause was heard by the court. On December 31, 1928, a finding was entered by the court fixing the value of appellee's property taken at $22,500, and thereafter, on the same day, pursuant to a motion of appellant, a judgment was entered on that finding for condemnation and for the amount of the compensation awarded. This judgment also recites that all other issues in the proceeding had been decided. The question in the case is whether, under section 3 of the Interest act, interest is recoverable on the unpaid portion of that judgment.

Section 3 of the Interest act is as follows: "Judgments recovered before any court or magistrate shall draw inter-

est at the rate of five (5) percentum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid, from the time when made or rendered to the time of rendering judgment upon the same and made a part of the judgment." (Smith's Stat. 1931, p. 1755.) It is conceded by appellee that this statute is applicable in condemnation proceedings only to final and unconditional judgments, but it is asserted that the judgment entered on December 31, 1928, was such a judgment. The first question, therefore, is whether a final judgment entered under section 32 of the Local Improvement act is a *quod recuperet* judgment, to which section 3 is applicable.

Final judgment, as contemplated in section 32 of the Local Improvement act, is, first, a judgment entered after all other issues between the petitioner and the defendants have been decided. (*People* v. *Weaver,* 330 Ill. 643; *City of Evanston* v. *Knox,* 241 id. 460.) It also will be noted that one of the provisions of that section is, that if the petitioner shall elect, "within ninety days after final judgment as to all defendants, both as to the amount of damages and compensation to be awarded and benefits to be assessed," to enter judgment on the award for property taken, "such judgment or condemnation shall not be conditional." In this case, appellant having elected, on the date of the finding of compensation for property taken, to have judgment entered thereon, no question of the conditional nature of the judgment during a lapse of ninety days appears here, but under the terms of the act the judgment became final and unconditional when entered on the motion of appellant. (*People* v. *Weaver, supra; City of Evanston* v. *Knox, supra.*) When appellant elected to enter judgment it became bound thereby and liable to pay it at all events. The judgment became, as any other judgment, enforcible against the city by any proper action to enforce judgments against

municipalities. (*City of Chicago* v. *McCluer*, 339 Ill. 610.) The judgment was final and unconditional. It bears no element not found in any *quod recuperet* judgment entered against a municipality. By that judgment appellant owned the property condemned and all rights pertaining thereto, including the right to take possession. The appellee by that judgment came into an unconditional right to the compensation awarded. What appellant did, after the date of the judgment, concerning possession of the property was a matter solely within its choosing. There is no authority in law for saying that it could enforce a tenancy on appellee without his agreement thereto, at a rental in the amount of the interest then accruing on the judgment or in any amount. (*Beveridge* v. *West Chicago Park Comrs.* 100 Ill. 75; *Martin* v. *City of St. Louis,* 139 Mo. 246.) If appellant suffered appellee to remain on the premises such was its voluntary act, and it could not by its own act prevent the accrual of interest on the judgment. Whatever its rights might be in equity, or in a suit to recover reasonable rental if it had such right, is not here and is not considered. It seems clear that unless municipalities are exempt from interest on an unconditional final judgment appellant had no power to stop or prevent the accrual of interest by suffering appellee to remain in possession.

It is argued with force on behalf of appellee that the value of such possession was inconsequential; that having been deprived of the ownership of the land and required to make way at any time, he could not sell the property or improve or rent it to any advantage. This, however, is an action at law, and in the absence of any agreement of the parties for rental shown by way of set-off, the value of such possession as appellee had is immaterial. It was by sufferance, merely, and cannot now be urged as the equivalent of interest.

It is also argued that the appellee need not have submitted to such delay but could have obtained a writ of

*mandamus* to compel the payment of the judgment, and this being so there can be no reason for allowing interest. The fact that *mandamus* would lie against appellant did not deprive appellee of his right to sue in assumpsit for interest. *Mandamus* in such a case as this is not appellee's only remedy. *Mecartney* v. *City of Chicago,* 273 Ill. 276.

The recovery of interest in this State not contracted for finds its only authority in the statutes. At common law interest could be recovered in no case except where there was an express agreement therefor. (*City of Pekin* v. *Reynolds,* 31 Ill. 529; *Madison County* v. *Bartlett,* 1 Scam. 67.) So in this case, if interest is recoverable it is so under section 3 of the Interest act and may be recovered in an action of assumpsit. (*Mecartney* v. *City of Chicago, supra.*) That section provides that "judgments recovered before any court or magistrate shall draw interest at the rate of five (5) percentum per annum from the date of the same until satisfied."

Appellant's counsel say that the law contemplates that possession shall pass at the same time payment of the award is made, and since appellee could have prevented possession until paid, his right to the amount of the judgment was dependent upon the passing of possession and no right to interest arose until his right to payment so accrued, and that the judgment is for that reason not within section 3 of the Interest act. While appellant would, doubtless, in the absence of an agreement otherwise, be required to pay the award before a writ for possession would issue for its benefit, such a fact can scarcely be said to affect the accrual of interest on the judgment under section 3. The judgment was final and unconditional. It must be paid by the city at all events. The nature of the judgment brought it directly under section 3 of the Interest act if that act be applicable to municipalities. The right of appellee to interest was fixed on the entry of the judgment and became so quite apart from the question of the possession of the

property condemned. The appellee had no right to get the property back, and appellant had no option to return it to him or to set aside the judgment or in any way escape payment thereof. (*City of Chicago* v. *McCluer, supra.*) Therefore, so far as the finality of the judgment and its unconditional nature are concerned, the possession of the property was of no moment.

Appellee's first proposition—*i. e.*, that the judgment in this case is final and unconditional as contemplated by section 3 of the Interest act—is sound.

We come, then, to the question whether section 3 of the Interest act applies to municipalities in cases of this character. This question has not heretofore been directly presented to or passed upon by this court. Counsel for appellant argue that the statute allowing interest against debtors does not in terms include municipalities, and it, therefore, is not within its application. It may be conceded that interest is not recoverable against a municipality unless by contract or by statute, except in cases where money is wrongfully obtained and illegally withheld by it. (*Smith* v. *County of Logan*, 284 Ill. 163; *Conway* v. *City of Chicago*, 237 id. 128; *County of Coles* v. *Goehring*, 209 id. 142; *City of Danville* v. *Danville Water Co.* 180 id. 235.) The above cases are cited by appellant as authority for its contention that interest may not be recovered here. It may be first observed that those cases have to do with the applicability of section 2 of the Interest act and relate to claims against a municipality which have not been reduced to judgment. It is recognized in these cases, however, that a municipality may be liable, under section 2 of the Interest act, by causing unreasonable delay in the payment of claims against it, amounting to illegally withholding such payment. *Smith* v. *County of Logan, supra,* was a claim for interest under section 2, and it was held that the county was not chargeable with interest, under section 2 of the act, for unreasonable delay, on the facts there disclosed,

citing *Conway* v. *City of Chicago, supra,* and *City of Danville* v. *Danville Water Co. supra.* So in *Vider* v. *City of Chicago,* 164 Ill. 354, in a suit by a contractor for interest as compensation for delay in payment for work done by him in a local improvement, section 2 was construed and its applicability defined. Those cases, however, do not touch the question here, which is, whether section 3 of the Interest act is applicable to municipalities, the cause having proceeded to judgment. In *Mecartney* v. *City of Chicago, supra,* suit was brought to recover interest on a judgment in condemnation. Judgment for interest was procured in the trial court and reversed in the Appellate Court. This court, calling attention to the constitutional provision that private property shall not be taken for public use without just compensation, approved the rule announced in *Appleton Waterworks Co.* v. *Railroad Com.* 154 Wis. 121, that just compensation for property presently taken necessarily means its present value presently paid, and if payment does not accompany the taking but is postponed to a later period interest must be paid thereon. The cases in this State are there reviewed, and it was held that interest as damages could be recovered against the municipality. In that case possession of the property had been taken by the municipality. In *Geohegan* v. *Union Elevated Railroad Co.* 266 Ill. 482, it is said that the basis of the allowance of interest on judgments in condemnation proceedings, when final, is that the amount of the damages is then considered fixed or liquidated. *Beveridge* v. *West Chicago Park Comrs. supra,* involved the condemnation of private property for public use, and though in that case possession was not taken and the land was unoccupied, interest was allowed from the date of demand of the property owner that the judgment be paid, it being there said that the law can never tolerate power on the part of the park commissioners to oppress the property owner by postponing payment indefinitely, and thus deprive him of the beneficial use of

the property and of the money, which the law required them to pay him within a reasonable time. In *Cook* v. *South Park Comrs.* 61 Ill. 115, (a condemnation case,) it was said: "Interest should be allowed upon judgments, when final, in proceedings of this character. They are within the spirit, if not the terms, of the statute, which allows interest upon all judgments recovered." While, as it is here argued, this statement was not necessary to the decision of the case, and was, therefore, *obiter dictum,* it has been many times cited and quoted in cases where the question was directly in issue. (*Illinois and St. Louis Railroad Co.* v. *McClintock,* 68 Ill. 296; *City of Chicago* v. *Palmer,* 93 id. 125; *South Park Comrs.* v. *Dunlevy,* 91 id. 49; *Beveridge* v. *West Chicago Park Comrs. supra.*) We are of the opinion that interest is recoverable against a municipality on a judgment final and unconditional, under section 32 of the Local Improvement act.

It is argued, however, that this court is committed to the rule that the Interest act allows interest in condemnation cases only after possession has been taken. This argument concedes that interest is recoverable against a municipality under section 3 of the Interest act. We have referred to the last cited cases as establishing the rule in this State that interest may be collected against a municipality on a final and unconditional judgment in condemnation. Cases which have held that it is recoverable only after possession of the property by the municipality have been those arising under the Eminent Domain act of 1852 or 1872 or under article 9 of the Cities and Villages act, all of which conferred on the petitioner an option to refuse to take the property after judgment has been entered. In no case has there arisen the applicability of section 3 of the Interest act to a judgment final and unconditional under section 32 of the Local Improvement act, as the record shows this judgment to be. It seems clear that under section 32 the judgment in condemnation against appellant is final and

unconditional and must be paid without regard to whether the property is taken. Such a judgment, therefore, must be held to bear interest under section 3 of the Interest act. Cases holding that possession must first be taken are not applicable to this situation.

We are of the opinion that the judgment of the Appellate Court allowing interest·is correct, and it will be affirmed.

*Judgment affirmed.*

DUNN and DEYOUNG, JJ., dissenting.