(No. 24055.—)

. Sam Kamberos, Appellee, *vs.* The City of Chicago, Appellant.

*Opinion filed June 11, 1937.*

Herrick, Shaw, and Wilson, JJ., dissenting.

Barnet Hodes, Corporation Counsel, (Joseph F. Grossman, Arthur A. Sullivan, and J. Herzl Segal, of counsel,) for appellant.

Aaron Soble, and Hyman Reeder, (Max Chill, of counsel,) for appellee.

Mr. Chief Justice Farthing delivered the opinion of the court:

The city of Chicago has appealed from a judgment rendered against it in the circuit court of Cook county, for $3130.21, and costs of suit. Sam Kamberos has filed his cross-appeal.

Kamberos filed his complaint at law as owner of certain land condemned by the city, under the Local Improvement act, to recover interest on a $25,000 condemnation judgment. He alleged in his complaint, that the judgment for $25,000 was paid by the city, without interest, against his protest that the judgment should include interest at the

rate of five per cent per annum from the date of its rendition on October 11, 1929, until it was satisfied on December 10, 1932, and that he reserved the right to sue for the interest. The stipulation which was filed in lieu of a report of the proceedings at the trial shows that on October 11, 1929, the day the condemnation judgment was rendered in favor of Kamberos, there was also assessed and confirmed against the remainder of Kamberos' property the sum of $4151.25, as benefits accruing to his property from the proposed improvements. The $25,000 was paid to Kamberos on December 10, 1932, by means of three checks, one of which was for $4151.25, and was endorsed by Kamberos and returned to the city of Chicago in payment of the assessment for benefits mentioned above. In arriving at the amount of interest due Kamberos, the court computed interest at five per cent per annum from October 11, 1929, to December 10, 1932, on the net award of $20,848.75, the difference between the $25,000 and the assessment of $4151.25. Kamberos objected to this computation and claimed that interest should have been computed, instead, on the full $25,000. This is the basis of his cross-appeal.

The city contends that no interest can be allowed on judgments of condemnation under the Local Improvement act, until the condemnor actually takes possession of the property condemned, and that therefore Kamberos was entitled to no interest. The city also contends that the imposition of interest on a condemnation judgment violates section 13 of article 2 of the constitution of 1870. It says, in the absence of a waiver, that a jury in a condemnation suit is the exclusive tribunal to fix the just compensation to be paid the land owner. Appellant says that neither a court by a judgment, nor the legislature by passing an interest act, can invade the province of a condemnation jury and increase the just compensation to be paid the land owner.

In *Geohegan* v. *Union Elevated Railroad Co.* 266 Ill. 482, we said, at pages 493, 494: "It is apparent from the reasoning of this court in these and other decisions touching the question of interest in eminent domain proceedings, that interest was allowed in such matters after judgment, because then the amount of damages was considered fixed or liquidated." Citing cases.

All of the points the appellant has raised, except the constitutional one, were decided adversely to it in *Turk* v. *City of Chicago,* 352 Ill. 171, and *Feldman* v. *City of Chicago,* 363 id. 247. Its constitutional questions were likewise decided adversely to it in *Blaine* v. *City of Chicago, ante,* p. 341.

The cross-appellant is bound by his complaint. It shows, on its face, that the city paid the $25,000 to him as the principal amount of the condemnation and refused to pay him any interest whatever on the condemnation judgment. He preserved his right to sue for interest by protesting that he was entitled to receive it, but the point is that he accepted the money as the principal amount due him on the judgment. In such a case he had no right to apply a part towards payment of interest and the balance towards the payment of principal.

Likewise there is no merit in his contention that he was entitled to receive interest on the full $25,000, instead of the net .amount of $20,848.75, remaining after deducting the $4151.25 assessment. It is provided in section 16 of the Local Improvement act, (24 S. H. A. 715; State Bar Stat. 1935, chap. 24, par. 139;) that "If the amount awarded to any person for property taken or damaged for such improvement be greater than the amount assessed against the property for such improvement, or if the benefit be greater than the damage, in either case the difference only shall be collectible of the owner or be paid to him." Kamberos paid the special assessment of $4151.25 at the time he received the money due on the judgment in the

condemnation suit. Section 16 of the Local Improvement act made the net amount of $20,848.75 all that Kamberos was entitled to receive, and the trial court did not err in computing interest on that amount.

The judgment of the circuit court of Cook county is right and it is affirmed.

*Judgment affirmed.*

HERRICK, SHAW, and WILSON, JJ., dissenting.