(Nos. 25954, 25955.—

BENJAMIN E. COHEN *et al.* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.—LOUIS C. COHEN, Appellant, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed June 13, 1941—Rehearing denied September 10, 1941.*

Orr, Vail, Lewis & Orr, and Urion, Bishop & Slad-
key, (Warren H. Orr, Howard F. Bishop, Jerome J.
Sladkey, and Robert F. Dewey, of counsel,) for ap-
pellants.

Barnet Hodes, Corporation Counsel, (Joseph F.
Grossman, Alexander J. Resa, and J. Herzl Segal, of
counsel,) for appellee.

Mr. Justice Smith delivered the opinion of the court:

These appeals involve similar questions and for that
reason they have been consolidated in this court. Both
cases involve questions relating to the recovery of interest
on judgments, entered under the Local Improvement act,
in special assessment proceedings, fixing compensation to
be paid for lands taken for public use. Ill. Rev. Stat. 1939,
chap. 24, pars. 698, *et seq.*

In cause No. 25954, Benjamin E. Cohen and others v.
City of Chicago, on December 27, 1928, judgment was en-
tered in favor of appellants, fixing the compensation to be
paid by the city of Chicago, for the portion of their lands
taken, in the sum of $94,021. In the same proceeding, and
as a part of the same judgment, an assessment was made
for benefits against the remainder of the property which
was not taken for public use, in the sum of $19,015.75. At
the time that suit was filed, and at the time the judgment
therein was entered, Benjamin E. Cohen and Samuel E.
Hamity were the owners of the property.

On September 28, 1929, Benjamin E. Cohen and Samuel
E. Hamity, and wife, executed a deed conveying the prop-
erty to the Foreman Trust and Savings Bank, as trustee,
under a trust agreement designated as trust No. 4467.
Neither the terms of the trust, nor the names of the bene-

ficiaries thereof appear in the record. On October 24, 1929, the board of local improvements of the city of Chicago issued a voucher in favor of the Foreman Trust and Savings Bank, trustee, in the sum of $19,015.75. This was the amount of the assessment. On October 28, 1929, the city of Chicago issued, in accordance with that voucher, its check in the sum of $19,015.75, payable to the order of the Foreman Trust and Savings Bank, trustee. This check was thereafter endorsed by the Foreman Trust and Savings Bank to the order of Morris Eller, who was then city collector of the city of Chicago. On December 3, 1930, this check was accepted by the city in full payment of the assessment against the portion of the property not taken for public use. It may be noted in this connection that the voucher on which this check was issued contained the following words: "Good only in payment of assessment levied on the within described property under this special assessment warrant." The portion of the property not taken for public use, and against which the assessment was made for benefits, was described on the face of this voucher.

On October 25, 1930, the city issued a check payable to the Foreman Trust and Savings Bank, trustee, in the sum of $75,005.25. This check was endorsed by the bank and was actually paid by the city on December 3, 1930. It should be noted here that the amount of the check for $19,015.75, delivered to the bank on October 28, 1929, when added to the amount of the check delivered on October 25, 1930, equals the full amount of the judgment fixing the compensation to be paid for the property taken, without interest. On December 2, 1930, the Foreman Trust and Savings Bank, as trustee, executed a deed conveying to the city the portion of the property taken for public use. The record in this case does not definitely show when the vouchers and checks were delivered. However, the parties seem to assume that they were not delivered until December 3, 1930. In this opinion we treat that date as correct.

The record shows that at no time was there anything said, or any express agreement, or arrangement made, as to the application of the proceeds of the check for $75,005.25. It was delivered without any restrictions or instructions as to its application for the payment of the principal or interest on the judgment. It was a payment made generally on that judgment. The amount of this check was equal to the amount of the balance due on the judgment, after crediting the prior check used for the payment of the special assessment.

On December 30, 1933, appellants brought this suit to recover a balance alleged to be due on the judgment and interest thereon. The case was not decided until July 3, 1940. The court held that appellants were entitled to recover interest at the rate of five per cent on the full amount of the condemnation judgment from December 27, 1928, the date of its rendition, to December 3, 1930, the date on which the check for $75,005.25 was cashed. Judgment was entered in favor of plaintiff and against the city of Chicago for $9,088.70.

In cause No. 25955, Louis C. Cohen v. City of Chicago, the facts are similar. In that case the condemnation judgment was also entered on December 27, 1928, as a part of the same judgment entered in the special assessment proceeding under Local Improvement act referred to in connection with cause No. 25954. The judgment fixing the compensation to be paid for the property taken was for the sum of $165,000. The assessment for benefits to the portion of the property not taken for public use, fixed as a part of the same judgment, was $6018.35. On July 18, 1930, the city issued checks aggregating the sum of $158,981.65, payable to Louis C. Cohen. On October 28, 1929, a special assessment voucher was issued in the sum of $6018.35 in favor of Louis C. Cohen. This voucher was likewise restricted in its use to the payment of the assessment against that portion of the property which was not taken, and which

property was described in the voucher. On the same day the city also issued its check, payable to Louis C. Cohen, in the sum of $6018.35, which was the total amount of the assessment, without interest. This check was endorsed by the payee and used by him in the payment of the assessment on October 17, 1930. Attention is called to the fact that the amount of this check, when added to the amount of the checks delivered on July 18, 1930, equals the full amount of the judgment, without interest. There was nothing said and no express agreement made as to how these checks were to be applied. They constituted general payments on the judgment. On October 16, 1930, Louis C. Cohen executed a deed conveying to the city of Chicago the property condemned. The record does not show when the vouchers and checks, involved in this case, were delivered. But inasmuch as the court below treated them as having been delivered on October 17, 1930, and no objection being urged as to the correctness of that date, we assume that it is not questioned.

This suit to recover an alleged balance due on the judgment and interest thereon was also filed on December 30, 1933. The cause was decided on July 3, 1940. The court held that this appellant was entitled to recover interest at five per cent on the full amount of the judgment from December 27, 1928, to October 17, 1930. Judgment was entered in favor of the plaintiff and against the city of Chicago in the sum of $14,895.84. It is not shown by the record that at the time these special assessments were paid with the special vouchers and checks issued by the city, in like amounts, any interest had accrued upon the assessments.

Section 42 of the Local Improvement act provides that an assessment for benefits accruing to property by reason of the construction of the proposed improvement shall bear interest at the rate of not to exceed six per cent, from the date the first voucher for work done in the construction of the improvement is issued. (Ill. Rev. Stat. 1939,

chap. 24, par. 743.) In these cases there is .no evidence or showing that a first voucher for work done had issued prior to the time the assessments were paid in full. We cannot, therefore, assume that any interest had accrued on the assessments at the time they were paid.

From the judgments entered, appellants perfected appeals to this court alleging as ground for direct appeals that section 16 of the Local Improvement act violates sections 5 and 9 of article 9, and section 13 of article 2 of the Illinois constitution, as well as the fifth and fourteenth amendments to the Federal constitution. The specific objection to the validity of section 16 of the Local Improvement act seems to be directed to the construction contended for by the city and not to the construction the court below placed on that section of the act.

Appellants contend that they are entitled to interest computed on the full amounts of the judgments from the date of their entry to the date the judgments were entered in these cases. They further contend that in arriving at the amount due, interest should be computed on the full amount of the condemnation judgment, in each case, from the date of its entry. That the payments made should have been first applied to payment of the accrued interest and the balance used to reduce the principal. That this would leave a balance due on each judgment, at the time the payments were made. By this method the interest due would be paid in full, leaving a balance due on the principal amounts of the judgments. It is further contended that the court, in arriving at the amount due the appellants, in each case, should have allowed interest on this balance computed up to the time the judgments in these cases were entered.

As we understand appellants' contention, it is that the judgments should be. reversed and the causes remanded with directions to the court below to compute interest on the full amounts of the condemnation judgments from the

date of entry to the dates these checks were cashed. And, further, that after applying the amount of these checks to the payment of principal and interest due on those dates, to further compute interest on the balance remaining unpaid from that date to the date the judgments appealed from were entered.

Appellee has perfected cross-appeals in each case. In support of the cross-appeals, appellee contends that it was erroneous for the court to compute interest on the full amount of the compensation judgments from the date of their entry to the date said payments were made. It contends that the amount of the assessment against the portion of the property not taken, amounted to a reduction of the judgment by the amount of the assessment, in each case.

It is further contended that when the city paid the difference between the assessments and the amount of the judgments in each case, such payments should have been applied to the payment of the judgments and no part to the payment of interest accrued. Consequently, it is claimed that when these payments were made the judgments were paid in full. That if any balance remained unpaid it was for interest accrued on the judgments and not part of the judgments. That any such balance being interest, and not principal, did not thereafter bear interest. That the judgments were entered for too large amounts. That they should be reversed and the cause remanded with directions to enter judgment for interest computed from the date of the judgments to the time the payments were made, only on the difference between the amount of the judgment and the amount of the assessment, in each case. It is thus argued that section 16 of the Local Improvement act (Ill. Rev. Stat. 1939, chap. 24, par. 715) should be construed to make the assessments, in effect, set-offs, reducing the judgments in like amounts, and that the property owner whose property is taken is entitled to receive only the balance of the judgment, after deducting the assessment. It

is further contended that the record shows the parties intended and understood that the payments made were to be considered as paying the judgments in full.

It is our view that if section 16 of the Local Improvement act, *supra,* be construed as contended by appellee, it would be clearly invalid. Section 13 of article 2 of the constitution provides that private property shall not be taken or damaged for public use, without just compensation. This provision is self-executing; it requires no legislation for its enforcement. Neither is it susceptible of impairment by legislation. *People* v. *Kelly,* 361 Ill. 54.

In *Ginn* v. *Moultrie Drainage District,* 188 Ill. 305, this court said: "Under the constitution, the compensation to be paid to the owner for private property taken must be in money alone, disregarding all benefits to the portion of the land not taken, and it is not in the power of the legislature to disregard this provision and to take property without compensation, or to provide for paying it in benefits."

In *Juvinall* v. *Jamesburg Drainage District,* 204 Ill. 106, the following language was used: "It will not do to say, that damages for the land taken were offset against the benefits, and deducted from the benefits. We have held that, under the constitution, the compensation to be paid to the owner for private property must be in money alone, disregarding all benefits to the portion of the land not taken, and that it is not within the power of the legislature to disregard this provision, and to take property without compensation, or to provide for paying it in benefits."

When the judgments were entered in these cases fixing the amount of compensation to be paid for the property taken, the owners of the property were entitled to have the compensation, so fixed, paid to them in money. Clearly, the judgments could not be reduced by offsetting against them the amounts of assessments made against the portions of the properties, not taken. The judgments were personal judgments in favor of the owners of the property. The

property owners were not personally liable for the judgments for the assessments against the properties. These judgments for benefits accruing to the property not taken were only against the property. If the assessments were not paid the only steps that could be taken to enforce payment was by an appropriate proceeding to sell the property for the delinquent assessments. In no event would the owner of the property at the time the benefits were assessed, or any subsequent owner, be personally liable for the payment of the assessments.

The requirements of the constitution that property shall not be taken for public use without just compensation are not complied with simply by the entry of a judgment fixing the amount. The municipality or sovereignty taking the property must not only have the amount fixed by the judgment of a court of competent jurisdiction but, as we have said, this provision of the constitution is a guaranty that no citizen shall be thus deprived of his property until compensation for the same has not only been fixed, but paid to him. (*People* v. *Smart*, 333 Ill. 135.) That case involved the construction of section 42a of the Local Improvement act. (Ill. Rev. Stat. 1939, chap. 24, par. 744.) Section 42a, in many respects, is similar to section 16. That section provides that in a combined proceeding for an assessment for the construction of a local improvement and the taking of property therefor, the assessment may be made payable in annual installments. It further provides that the compensation to be paid for property taken must be paid from the first installment, thus providing a fund for the purpose of paying compensation for property taken, within thirty days after the entry of the order confirming the assessment. The first installment becomes due at that time. This court there construed said section 42a to mean that a fund must be provided for the payment of compensation for property taken and that said section did so provide by requiring such compensation to be paid out

of the first installment. It was further held that the crediting of an award for property taken, *pro rata* against the entire ten installments, would not constitute a compliance with the constitution. This holding was based upon the proposition that property cannot be taken for public use, under the constitution unless, and until, the amount of the compensation has been fixed and paid. In this respect the questions involved in that case were not different from the question involved in this case, relating to section 16 of the act. By the same rule, if the compensation to be paid for private property taken for public use under section 42a, cannot be paid by crediting a certain part thereof on each of the deferred installments of the assessment, clearly, such compensation cannot be paid, under section 16, by crediting any part or all of the judgment against the assessment generally.

In the case of *Eldred Drainage and Levee District* v. *Wilcoxson,* 365 Ill. 249, this court said that the constitutional guaranty of just compensation for property, when taken for public use, is not satisfied by the judgment, but only by payment of it.

Moreover, in cause No. 25954, Benjamin E. Cohen and Samuel E. Hamity were the owners of the property at the time the judgment was entered. Before any payment was made on that judgment they conveyed the property to the Foreman Trust and Savings Bank, trustee. Whether, after that conveyance was made, either Cohen or Hamity had any beneficial interest in the property the record does not disclose. As already observed, Cohen and Hamity as owners of the property not taken, at the time the assessment was made, were not personally liable for the assessment. Payment of the assessment could not have been enforced against them but only against the property assessed. The judgment for compensation for property taken was in their favor and belonged to them. They were entitled to receive and have paid to them the full amount

of that judgment. They still owned that judgment at the time the settlement was made. This results in the analogous situation of the city claiming the right to deduct from the amount of the compensation fixed by the judgment, for property taken from, and which belonged to, Cohen and Hamity at the time the judgment was entered, the amount of an assessment against property, the record title to which was, at the time the judgment was paid, in another, and for which assessment Cohen and Hamity were in nowise liable. This situation, we think, clearly demonstrates the unsoundness of the contentions of the appellee on this point.

Section 16 of the Local Improvement act, if construed as contended for by appellee, would permit the sovereignty to credit the amount of the assessment against property not taken on the judgment for the compensation awarded. This would constitute a clear violation of the constitutional guaranty that private property shall not be taken or damaged for public use without just compensation.

The statement in the opinion in the case of *Kamberos* v. *City of Chicago,* 366 Ill. 471, to the effect that the owner of property condemned is, under section 16 of the Local Improvement act, only entitled to receive the net amount of the judgment for compensation for property taken, after deducting therefrom the amount of the assessment against the portion of the property not taken, was made without proper consideration of the language of section 13 of article 2 of the constitution. The conclusion there reached that the property owner was only entitled to receive the net amount of the judgment, thus ascertained, was erroneous and is not followed. In this respect, and to that extent, that case is overruled.

When the judgments were entered, fixing the compensation to be paid for the property taken, appellants were entitled to have the full amounts of those judgments paid to them. They were not only entitled to have these judgments paid in full, but, under section 3 of the Interest act,

(Ill. Rev. Stat. 1939, chap. 74, par. 3,) and under the decisions of this court in *Turk* v. *City of Chicago,* 352 Ill. 171, and *Feldman* v. *City of Chicago,* 363 id. 247, they were entitled to receive interest on said judgments at the rate of five per cent per annum from the date the judgments were entered until they were paid in full.

We agree with the contention of counsel for appellants that they were entitled to have these judgments paid in money. This, however, was a right which could be waived. Appellants, in each case, accepted from the city special vouchers and checks in the exact amounts of the assessments for benefits against the property not taken. The use of these vouchers and checks was limited by their terms to the payment of the particular assessment on the property described in each voucher. They could be used for no other purpose. Appellants were not required to accept those vouchers as part payment of their judgments for compensation for the land taken. Nevertheless, they did accept the vouchers, delivered them to the city in payment of the assessments, and thereby received full credit and money's worth for the full amount of the vouchers. They cannot now complain. While they were not required to accept those vouchers, they did accept them and received their full value. They used them for the payment of the assessments against the properties. Under these circumstances, the vouchers and checks constituted payments on the judgments.

At the time the checks were delivered by appellee to appellants, interest had accrued on the judgments from the date of their entry. The total amount of checks delivered did not equal the amount of the judgments, with interest, computed from the date of entry. The result was that the total amount of the checks delivered to appellants was less than the amount of principal and interest due on the judgments at that time. In this situation the checks delivered constituted only partial payments. In the absence of any

understanding or agreement as to the application of partial payments the rule is that where such payments are made upon an interest-bearing indebtedness, such as a judgment, and upon which interest has accrued, the same should be applied first to the payment of the accrued interest and the balance to the principal. The creditor should calculate interest whenever a payment is made. If the payment exceeds the interest due, it should be used, first for the payment of interest, and the balance applied to the reduction of the principal. This rule is equally applicable whether the debt be one which expressly draws interest, or where interest is given as damages. (*Scales* v. *McMahon,* 364 Ill. 413; *In re Estate of Cunningham,* 311 id. 311.) If there was nothing in this record to indicate a different intention these partial payments should be so treated and applied.

The remaining question is whether appellants are estopped to now claim that the payments made did not pay the judgments in full. The rule announced in *Scales* v. *McMahon, supra,* and *In re Estate of Cunningham, supra,* as to the application of partial payments, first to the payment of accrued interest and the balance to the reduction of the principal, does not apply in any case where there is an agreement, or understanding, that the payment made is to be applied otherwise. Neither does the rule apply where the circumstances under which the payment was made show that the parties themselves intended that the payment made should constitute the full discharge of the judgment, or the judgment and accrued interest.

As already noted in this opinion, the payments were made by vouchers and checks, in each instance. The vouchers were issued for the difference between the amount of the vouchers and checks which were used to pay the assessments, and the full amounts of the judgments, as entered. They recited that the payments evidenced by the vouchers were "For balance of compensation awarded that part of [here follows description of property condemned] being in full payment for said condemned land and in full of all

claims for damages to same by reason of said proceedings." On the back of each of these vouchers was printed a receipt which reads, "Received of the City of Chicago full payment of the within account." This receipt was signed by the payee named in the voucher. The warrants, or checks, for the payments evidenced by the vouchers, were delivered with the vouchers.

The deed made by the Foreman Trust and Savings Bank, trustee, in cause No. 25954, and the deed made by appellant in cause No. 25955, conveying the properties to the city when the payments were made, recited that the grantors covenanted and warranted that they were lawfully entitled to receive the entire amount of the award. The deeds further referred to the case in which the awards were made by number and further recited that said amounts were for compensation for said lands, and improvements thereon, taken for public use, in said proceedings.

Appellee does not contend in this case that the recitals contained in these vouchers and deeds show an intention that appellants accepted the payments in full satisfaction of the judgments and accrued interest. It limits its contention in this respect to the proposition that the payments, under these vouchers, were accepted by appellants in full payment of the judgments, leaving only the accrued interest unpaid, and that they were given and accepted with that understanding and intention.

It is our view that the language of these vouchers and the deeds and, particularly, the receipts endorsed upon the back of the vouchers, clearly indicate that it was the intention of all parties that the payments made were intended, and accepted, as full payment and liquidation of the judgments. On the face of the vouchers it clearly appears that the payments were for the balance of compensation due, which was the balance of the judgment, in each instance. The receipts on the back of the vouchers are, to the effect, that the payee, named on the face of the vouchers, and by whom the receipt is signed, has received full payment for

**236**

the account described in the voucher. The language of the deeds, made simultaneously with the delivery of the vouchers and checks, definitely supports this conclusion. In our view, the record shows conclusively that it was the intention of all parties that the delivery of the vouchers and checks was in full satisfaction of the amounts of compensation, as fixed by the judgments. The question whether such payments, under the circumstances, were accepted in full satisfaction of the judgments and all interest accrued thereon, is not involved because appellee does not so contend.

In cause No. 25954 the finding of the trial court that plaintiffs were entitled to judgment for interest on the full amount of the judgment from December 27, 1928, the date of the entry of the final judgment in the condemnation proceedings, to December 3, 1930, computed at the rate of five per cent, and the entry of judgment on such finding in the sum of $9088.70, was right and said judgment is affirmed. In cause No. 25955 the finding of the circuit court that plaintiff was entitled to recover interest on the full amount of the judgment from December 27, 1928, to October 17, 1930, at the rate of five per cent and entering judgment in the sum of $14,895.84, was right, and said judgment is affirmed.

*Judgments affirmed.*