THE TRUST COMPANY OF CHICAGO, Appellee, *vs.* THE
VILLAGE OF LINCOLNWOOD *et al.*, Appellants.

*Opinion filed January 18, 1944.*

MURPHY & PEARSON, (WALTER WILLIAM PEARSON,
of counsel,) both of Chicago, for appellants.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON &
MORSE, (ISAAC E. FERGUSON, and CHARLES G. FENDT, of
counsel,) all of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellee, as trustee, secured an injunction in the circuit
court of Cook county restraining the appellant village and

its officers from attempting to collect certain special assessment warrants and from removing certain credit entries from the village records with reference to such special assessments.

The facts, as stipulated, are that prior to the time appellee, as trustee, acquired the title to the real estate involved here, appellant village had levied certain special assessments against it, as shown by special assessment warrant books setting forth the legal description of the property and special assessments extended against it, and showing also the credits against such assessments. The special assessments here involved arose out of a condemnation proceeding. The village records show that certain amounts, awarded for property taken and for damages to property not taken, were credited against installments of the special assessment, which installments were shown as "paid by award." Such was the condition of the record regarding these special assessments at the time appellee purchased the property. The issue involved here is whether appellee took the property freed of those installments of the special assessment, shown by the books of the village to have been paid by crediting an amount of the award against such installments, or whether those installments remain unpaid.

No question is raised as to the accuracy of the village clerk's records. The entries were made in 1932 and since that time have remained in the same condition and open to the public for inspection. Counsel are in agreement that the entry "paid by award" means that the items shown to have been so paid were credited with parts of the condemnation award. It is also agreed that the owners of the property at the time these entries were made, were those in whose favor the condemnation awards were entered.

The circuit court found that appellee had purchased the property in reliance upon the village records and that all credits shown, including offsets and awards, should be included in computing the balance due on the special assess-

ments. An injunction was issued restraining the village and its officers from attempting to collect any sums over and above the amount appearing to be due after giving full effect to all credits entered under the language "paid by award." The village and its officers have brought the cause here claiming that under the ruling in *Cohen* v. *City of Chicago,* 377 Ill. 221, the village cannot legally pay awards in condemnation by giving credit for awards applied to assessments to become. due. On the other hand, appellee claims that it purchased this property on the faith of the records and that it had a right to rely upon them.

In *Cohen* v. *City of Chicago,* 377 Ill. 221, it was held that the property owners cannot be required to accept the compensation awarded as reduced by offsetting against such awards the amount of assessments for benefit to property, either generally or by installments; that the constitutional provision that property shall not be taken for public use without just compensation is not complied with by the simple entry of a judgment fixing the amount, but the municipality or sovereignty taking the property must pay, in money, the full amount of the judgment. There is nothing in that case, however, which holds that a property owner may not, if he chooses, have applied to the payment of subsequent assessments any portion of such an award. The holding of the *Cohen case* is that he may not be required to so take it.

In the present case the record indicates that these payments by award were made by arrangement of the parties, certainly with the knowledge and consent of those who were the owners of the property at the time the entry was made and who doubtless received the benefit of such payments in the purchase price which appellee or appellee's beneficiaries paid for the property. In this the case before us is to be distinguished from the *Cohen case.* In other words, while the city or village may not require that awards be applied to payment of subsequent special assess-

ments, there is nothing in the law which prohibits an arrangement of that kind if the village and property owner entitled to the award wish so to do. Such appears to have been the case here. These entries were on the public records of the village at the time the appellee took this property. The books and records of the office of the village clerk are records required by law to be kept and as such they cannot be contradicted by parol evidence. (*Jackson Park Hospital Co.* v. *Courtney,* 364 Ill. 497; *City of Belleville* v. *Miller,* 257 Ill. 244.) When appellee purchased this property it was entitled to assume that the application of the award was made at the election or with the consent of the owners of the property. (*People ex rel. Thompson* v. *Chicago, Rock Island and Pacific Railway Co.* 329 Ill. 467.) Appellee took the property involved here free from the lien of the installments in controversy. The decree of the circuit court issuing the injunction was right and is affirmed.

*Decree affirmed.*