(No. 28029.—

PETER CHAPRALIS *et al.*, Appellants, *vs.* THE CITY OF CHI-
CAGO, Appellee.

*Opinion filed January 17, 1945—Rehearing denied March 15, 1945.*

GEORGE P. FOSTER, GEORGE P. LATCHFORD, JR., and
DANIEL S. WENTWORTH, all of Chicago, for appellants.

BARNET HODES, Corporation Counsel, (J. HERZL SEGAL,
and SYDNEY R. DREBIN, of counsel,) all of Chicago, for
appellee.

Mr. JUSTICE MURPHY delivered the opinion of the
court:

In February, 1921, the city of Chicago, defendant
herein, instituted a suit in the circuit court of Cook county
to condemn certain lots or parts thereof, which lots were
necessary to the completion of the proposed improvement
of widening a part of North Ashland avenue. In July,
1927, verdicts were returned in such action, fixing the

amount to be paid each property owner as just compensation and, within ninety days thereafter, judgments were entered on the verdicts. During the period from March 1, 1929, to November 1, 1930, the city paid the face amount of such judgments.

In September, 1938, plaintiffs, who were the owners of 117 of said judgments, started this action in the superior court of Cook county against the city to recover a balance alleged to be unpaid on each of such judgments. The amount claimed equaled the amount of interest that accrued on the judgment between the date of verdict and the date of payment, plus interest from the date of payment.

The first pleading shown in the abstract is plaintiffs' amended complaint which contained allegations in reference to the taking of the judgment and the payments of the various amounts. Defendant filed a motion to dismiss in which it was alleged that the causes of action set forth in the amended complaint "did not accrue to the plaintiffs within the time limited by law for the commencement of said action." An affidavit attached to said motion stated that the several judgments had been paid in full and the payments had been accepted by the respective owners in full satisfaction thereof. Defendant attached to said affidavit photostatic copies of the receipts signed, in some instances, by the persons in whose favor the judgments had been entered, and in others, by purported agents or attorneys of the holders of the judgments. After defendant's motion to dismiss was filed, plaintiffs filed an amendment to the amended complaint in which they denied all allegations in the affidavit which presented issues of fact and also traversed all conclusions of fact or law. The pleadings confessed the execution of the several receipts and sought to avoid their legal effect by pleading: (a) that there was a failure of consideration for the same; (b) that the giving of the receipt did not constitute an accord and

satisfaction; (c) that it did not operate as a waiver or estoppel, and (d) that, in the instances where receipts were signed by agents under power of attorney, such agents had exceeded their authority. It is stated in defendant's brief that the photostatic copies of the receipts attached to the affidavits were substantially the same as the receipts given in payment of a condemnation judgment which was considered in *Cohen* v. *City of Chicago*, 377 Ill. 221. After plaintiffs' amendment to the amended complaint had been filed, defendant renewed its motion to dismiss. The motion was sustained and a judgment entered against plaintiffs. A direct appeal to this court followed.

The first ground urged in support of such appeal is that the judgment appealed from violated the due-process clauses of the State and Federal constitutions. The point urged is that the amendment to the amended complaint injected new issues into the case which defendant's motion to dismiss did not challenge, and that the action of the court in sustaining the motion left such additional issues undisposed of, thereby depriving plaintiffs of due process of law as to such points.

If the point made has merit, then the court's order sustaining the motion and dismissing the action was an error in law which plaintiffs could have corrected on appeal. This court has held that where a judgment or decree is attacked on the ground that its enforcement will deprive the one against whom it is sought to be enforced of some constitutional right, as the right of trial by jury, or the taking of property without due process of law, etc., no constitutional question is presented which authorizes a direct appeal to this court. The question involved is the validity of the judgment or decree and not a constitutional question within the meaning of the statute which authorizes appeals direct to this court. *Perlman* v. *Thomas Paper Stock Co.* 378 Ill. 238; *De La Cour* v. *De La Cour,* 363

Ill. 545; *Genslinger* v. *New Illinois Athletic Club,* 332 Ill. 316; *Cooper* v. *Palais Royal Theatre Co.* 320 Ill. 44.

Plaintiffs further contend that they are claiming a balance due on judgments entered in a condemnation case and that a decision of the issues will require the construction of the "just compensation" clause of the State constitution.

The right to interest, under the statute, on a condemnation judgment, is well settled. (*Cohen* v. *City of Chicago,* 377 Ill. 221; *Blaine* v. *City of Chicago,* 366 Ill. 341; *Turk* v. *City of Chicago,* 352 Ill. 171.) It has been held that a right to interest on such a judgment arises by virtue of section 3 of the Interest Act, and not by virtue of its being a part of the judgment. (*Blakeslee's Storage Warhouses, Inc.* v. *City of Chicago,* 369 Ill. 480.) In the latter case it was said, "if appellant is entitled to interest on the judgment, it is not by virtue of the judgment or the judicial proceeding culminating therein, but arises solely under the provisions of the statute."

All rights to just compensation which plaintiffs had as owners of the property condemned were determined by the judgment in the condemnation suit. Questions pertaining thereto cannot be relitigated in an action for interest on the judgment. The just-compensation clause of the constitution is not involved in this case. The errors assigned for reversal of the judgment are as to the construction of plaintiffs' pleading and the scope of defendant's motion to dismiss.

There being no jurisdictional grounds shown to support a direct appeal, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*