411 F.2d 658
 Ralph W. DISNEY, Executor of the Last Will and Testament of
Wesley E. Disney, Deceased, and Ida J. Rogers, Executrix of
the Last Will and Testament of Charles B. Rogers, Deceased,
Plaintiffs-Appellants,
v.
Abraham N. PRITZKER, Jack N. Pritzker, Jay A. Pritzker and
Stanford Clinton, individually and as co-partners,
practicing law as Pritzker, Pritzker and
Clinton, Defendants-Appellees.
 No. 17271.
 United States Court of Appeals Seventh Circuit.
 June 3, 1969.
 
 Louis Linton Dent, Roger D. Doten, John P. Hampton, Chicago, Ill., for plaintiffs-appellants.
 Jay Erens, Chicago, Ill., for defendants-appellees.
 Before SWYGERT, CUMMINGS and KERNER, Circuit Judges.
 CUMMINGS, Circuit Judge.
 
 
 1
 In a prior stage of this litigation, we affirmed a judgment awarding attorneys' fees to plaintiffs pursuant to a contract providing for the division of fees in certain Indian Claims cases. 385 F.2d 572. In accordance with our customary practice, the mandate of this Court provided for costs and interest to be paid to the successful plaintiffs. Subsequently plaintiffs received payment in the face amount of the judgment. A futile demand was then made on defendants for an amount equivalent to interest and costs accrued from the date of the decree to the date of payment. Thereafter the district court refused to allow interest, resulting in this appeal. We conclude that the plaintiffs are entitled to interest and therefore reverse and remand.
 
 
 2
 The pertinent part of the district court's decree for plaintiffs provided:
 
 
 3
 'It Is Further Ordered and Decreed that defendants pay or cause to be paid to plaintiffs the sum of $56,953.56 which is the amount of plaintiffs' portion of the fees in the case before the Indian Claims Commission known as Docket 337. Upon such payment being made, plaintiffs shall relinquish any claim to said $56,953.56 withheld by the Indian Claims Commission in Docket 337 and assign to defendants all rights to receive from the Treasurer of the United States said retained sum of $56,953.56. If the defendants shall withdraw all objections before the Indian Claims Commission and consent to the payment of the sum of $56,953.56 which is retained by the Treasurer of the United States in said case, and said sum is paid to plaintiffs by the United States, this shall be deemed a compliance by defendants with this paragraph of this decree.'
 
 
 4
 After this decree was affirmed, the plaintiffs sought interest under Section 1961 of the Judicial Code (28 U.S.C. 1961), which provides:
 
 
 5
 'Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law.'
 
 
 6
 Instead of paying the sum of $56,953.56 directly to plaintiffs, as provided in the first alternative of the decree, the defendants exercised the option given them in the last quoted sentence of that decree. The district court interpreted this option as 'an affirmative command rather than a money judgment' and on this basis refused to allow interest to plaintiffs.
 
 
 7
 An examination of the decree shows on its face that the defendants' exercise of the alternative option was permissive rather than mandatory and that its exercise 'shall be deemed a compliance by defendants with this paragraph of this decree.' Accordingly, the defendants' withdrawal of objections before the Indian Claims Commission and consent to the payment of $56,953.56 by the United States was a compliance with the money judgment provided in the first sentence of this part of the decree. In our view, interest accrued in plaintiffs' favor under Section 1961 of the Judicial Code because, regardless of the route taken by defendants, plaintiffs were recovering on the money judgment awarded by the decree.
 
 
 8
 Defendants rely on the language of paragraph 6 of the decree entered by the district court in which it is stated that plaintiffs are entitled to the $56,953.56 held by the Indian Claims Commission 'plus any interest that may have accrued thereon.' They reason from this that the lower court must have intended to allow plaintiffs the option under the decree to pursue defendants personally for the amount of the judgment plus interest or to proceed in the Claims Commission for the fees plus any statutory interest which may have accrued. But the lower court, in construing its own decree, referred in at least three instances to the fact that the option lay with defendants to tender payment or to withdraw any objections before the Claims Commission. This option given defendants as to the mode of payment was apparently fashioned because the district court had no jurisdiction to grant plaintiffs coercive relief directly against either the Claims Commission or the Treasurer of the United States.
 
 
 9
 It is undisputed that the plaintiffs received no interest from the United States under 25 U.S.C. 161a,[1] and there is at least room to doubt whether the Claims Commission or the Treasurer would have been authorized to make such disbursement of interest.[2] Consequently, reversal of this judgment will not result in awarding double interest. The district judge made no mention of this question in his memorandum opinion on remand, and, in light of our holding that the decree provided two methods of satisfying the same money judgment, we are unwilling to read into his remarks the intention that plaintiffs' right to recover interest should be subject to the unrestricted option of defendants to relegate plaintiffs to their remedies, however doubtful, against non-parties.
 
 
 10
 The original decree was entered on November 21, 1966, and the mandate of this court issued on November 3, 1967. The sum of $56,953.56 was received from the Treasurer of the United States on May 6, 1968. In accord with Illinois law[3] as expressed in Cohen v. City of Chicago, 377 Ill. 221, 234, 36 N.E.2d 220 (1941), plaintiffs applied this sum first to interest then due on the judgment in the amount of $4,152.86, and costs in the amount of $27.00, and the balance of $52,773.70 toward the principal of the money judgment, leaving a balance due of $4,179.86. Accordingly, plaintiffs are entitled to recover $4,179.86 plus interest thereon at the rate provided by Illinois law from May 6, 1968, until satisfaction.
 
 
 11
 Reversed and remanded.
 
 
 
 [1]
 Section 161a provides:
 'All funds with account balances exceeding $500 held in trust by the United States and carried in principal accounts on the books of the Treasury Department to the credit of Indian tribes, upon which interest is not otherwise authorized by law, shall bear simple interest at the rate of 4 per centum per annum.'
 
 
 [2]
 In Anglin & Stevenson v. United States, 160 F.2d 670 (10th Cir. 1947), certiorari denied, 331 U.S. 834, 67 S.Ct. 1514, 91 L.Ed. 1847, it was held, without mention of this statute, that attorneys were not entitled to interest on award of fees from funds held by the United States in trust for Indians
 
 
 [3]
 Under Section 1961 of the Judicial Code, the interest rate is to be determined by State law. The pertinent Illinois provisions appear in Ill.Rev.Stat. ch. 74, 3, and ch. 77, 7 (1967)